**Ed SPENCE, Plaintiff,**

v.

**S.J. MENDOZA, Defendant.**

**No. CIV. S–97–0816 WBS\*JFM P.**

United States District Court,
E.D. California.

Feb. 11, 1998.

---

Ed Spence, Ione, CA, pro se.

Bruce Michael Slavin, Attorney General's Office, San Francisco, CA, for Defendant.

### MEMORANDUM AND ORDER

SHUBB, Chief Judge.

This is a civil rights action brought by a state prisoner. Defendant moves to dismiss it. She argues that plaintiff has failed to comply with a provision of the Prison Litigation Reform Act of 1996 ("PLRA") requiring him to exhaust available state administrative remedies before bringing this suit. The Magistrate Judge recommends that the court deny defendant's motion. For the reasons explained below, the court declines to adopt the Magistrate Judge's recommendation, and orders that the action be dismissed without prejudice.

### I.

### BACKGROUND

Plaintiff is an inmate at the Mule Creek State Prison, a correctional facility in Ione, California. Defendant is a Correctional Captain at that facility. The complaint, filed May 1, 1997, alleges that defendant violated plaintiff's due process rights when, by memorandum dated March 17, 1997, she removed him from the Men's Advisory Council (the "Council")—an inmate grievance board. Allegedly, defendant took this action after learning that plaintiff did not receive a ducat (a pass) to attend a Council meeting in violation of prisoner rules requiring a prisoner to obtain a ducat. Plaintiff claims that only the Warden possessed the authority to remove him from the Council for such a violation, and that his removal was in retaliation for his service on the Council and other activities.

Plaintiff's claim is predicated on 42 U.S.C. § 1983. He prays for $5,000.00 in compensatory damages, $5,000.00 in punitive damages and a declaration that defendant violated his constitutional rights. The complaint does not allege that plaintiff exhausted available state administrative remedies.

Upon its filing, the action was referred to the assigned Magistrate Judge. He found that the complaint stated a cognizable claim and authorized service on the defendant. Subsequently, defendant moved to dismiss the action, and the Magistrate Judge recommended that the court deny that motion. Defendant has filed a timely objection to that recommendation.

### II.

### DISCUSSION

Defendant raises several issues, but the court considers only one: Does the PLRA's bar against prisoner lawsuits "until such administrative remedies as are available are exhausted" mean that plaintiff who seeks only monetary and declaratory relief must exhaust the state's inmate administrative appeals procedure for prisoner complaints, Cal. Code Regs. tit. 15 § 3084.1–7, before he can maintain this action? It does.

The PLRA amended 42 U.S.C. § 1997e to read in pertinent

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). An administrative remedy is available to plaintiff. The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition or policy which they can demonstrate as having an adverse effect on their welfare." Cal.Code Regs. tit. 15 § 3084.1(a).

The action taken against plaintiff that gives rise to this action "effects his welfare," and thus he can appeal it under § 3084 of Title 15 of the California Code of Regulations. The complaint does not allege that plaintiff has exhausted that remedy or any other available administrative remedies. Because § 1997e(a) requires exhaustion before bringing suit, and because the complaint does not allege exhaustion, the court must dismiss the action without prejudice. *Cf. Terrell v. Brewer,* 935 F.2d 1015, 1019 (9th Cir.1991) (proper remedy for failure of prisoner to exhaust *Bivens* claim is dismissal without prejudice).[1]

The court disagrees with the Magistrate Judge's interpretation of § 1997e(a).[2] His interpretation isolates the term "available," and ascribes to it the meaning of "having sufficient power or force to achieve an end." Based on that meaning he concludes that because the state's inmate administrative appeal procedure "is not empowered to achieve the end sought by plaintiff in this civil rights action," *i.e.,* the procedure does not explicitly provide for monetary relief, it is not an "available" administrative remedy.

Such interpretation adds back into § 1997e(a) a requirement Congress deleted when it amended that statute in 1996. "When Congress acts to amend a statute, we presume it intends its amendment to have real and substantial effect." *Stone v. I.N.S.,* 514 U.S. 386, 115 S.Ct. 1537, 1545, 131 L.Ed.2d 465 (1995); *see also* Norman J. Singer, IA *Sutherland Statutory Construction,* § 22.29 at 264 (5th ed. 1993) ("When the statute is amended and words are omitted, the general rule of construction is to presume that the legislature intended the statute to have a different meaning than it had before the amendment").

The former version of 1997e(a) provided:

(1) Subject to the provisions of paragraph (2), in any action brought pursuant to section 1983 of this title by an adult convicted of a crime confined in any jail, prison, or other correctional facility, the court shall, if the court believes that such a requirement would be appropriate and in the interests of justice, continue such case for a period of not to exceed 180 days in order to require exhaustion of such plain, speedy, and effective administrative remedies as are available.

(2) the exhaustion of administrative remedies under paragraph (1) may not be required unless the Attorney General has certified or the court has determined that such administrative remedies are in substantial compliance with the minimum acceptable standards promulgated under subjection (b) of this section or are otherwise fair and effective.

42 U.S.C. § 1997e(a) (1994). Congress amended the above language in 1996 to delete language concerning "effective administrative remedies," while retaining the term "available." It also deleted the language concerning "minimum acceptable standards" promulgated by the Attorney General and the language concerning "fair and effective" remedies.

The court must presume that Congress intended these deletions to effect real and substantial change. Accordingly, the court presumes that Congress now conditions prisoner suits on the exhaustion of such administrative remedies as are available, without regard to whether those remedies are "effective," without regard to whether they substantially comply with "minimum acceptable standards," and without regard to whether they are "just and effective." Given that presumption, the term "available" cannot be given the meaning the Magistrate Judge ascribes to it because to give it that meaning essentially reintroduces the requirement of an "effective administrative remedy" after Congress deleted it.

The Magistrate Judge's analysis does not address the issue of the proper statutory construction of a legislative amendment be-

---

1. Because the court reaches this conclusion, it does not consider defendant's alternative arguments concerning whether Section 1997e(a)'s exhaustion requirement is "jurisdictional," or concerning what additional administrative remedies, if any, plaintiff must exhaust.

2. The Magistrate Judge's findings and recommendations incorporate the reasoning of the Magistrate Judge in *Esguivel v. Peralez,* Case No. Civ. S–97–0264 DFL/DAD P.

cause it relies so heavily on the word "available"—a word that appears in both the former and amended version of § 1997e(a). In fact, the Magistrate Judge asserts that "[s]tate administrative systems that did not provide for damages were not considered "available" administrative remedies for purposes of § 1997e(a) before that statute was amended by the PLRA." That assertion appears incorrect. Prior to the enactment of the PLRA, the Supreme Court contrasted a federal administrative grievance procedure that did not provide for money damages against the exhaustion provisions of former § 1997e(a). *See McCarthy v. Madigan,* 503 U.S. 140, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992). In doing so, the Court focused not on the word "available," but on the phrase "effective administrative remedies":

> ▮n contrast to the absence of any provision for the award of money damages under the Bureau's general grievance procedure, [former § 1997e(a) ] conditions exhaustion on the existence of "effective administrative remedies." [footnote] It is difficult to see why a stricter rule of exhaustion than Congress itself has required in the state prison context should apply in the federal prison context.

*Id.* at 150–51 & n. 4. As explained, Congress deleted the phrase "effective administrative remedies" when it amended § 1997e(a).

▮ Moreover, an interpretation of § 1997e(a) that conditions exhaustion on whether the state's administrative remedies can achieve the end desired by plaintiff makes the application of § 1997e(a) dependent upon the peculiarities of state law in a way Congress has not plainly indicated. "[I]n the absence of a plain indication to the contrary, ... Congress when it enacts a statute is not making the application of the federal act dependent on state law." *Mississippi Band of Choctaw Indians v. Holyfield,* 490 U.S. 30, 43, 109 S.Ct. 1597, 104 L.Ed.2d 29 (1989). Federal statutes are generally intended to apply uniformly across the nation. *Id.* Sometimes, as in the case of the former version of § 1997e(a), Congress plainly indicates an intent to make an exhaustion requirement dependent on the existence of effective state law. But even then Congress

takes measures to encourage the states to meet a national minimum acceptable standard. *See* former 42 U.S.C. § 1997e(b) & (c) (directing the Attorney General to promulgate minimum standards, and providing a mechanism for the various states to submit proposed systems to the Attorney General for certification).

Here, in contrast, Congress amended § 1997e(a) to delete language making the exhaustion requirement dependent on the effectiveness of the state's administrative remedy, and has omitted measures to ensure national minimum acceptable standards for such remedies. To now condition exhaustion on the existence of state administrative remedy capable of achieving certain ends invites federal courts to formulate some fifty different rules of federal exhaustion. The statute does not give that plain indication. Rather, it creates one uniform standard: if available, administrative remedies must be exhausted.

The court's conclusion is consistent with the Supreme Court's decision in *McCarthy.* There, the Court considered whether a federal prisoner must exhaust a prison grievance procedure before bringing a *Bivens* claim solely for money damages. *McCarthy,* 503 U.S. at 141. Congress had not provided an exhaustion requirement for *Bivens* claims, notwithstanding the fact that it had enacted an exhaustion provision, former § 1997e(a), for § 1983 claims. *Id.* at 149–151. In the absence of a Congressionally mandated exhaustion requirement, the Court was faced with having to balance the competing interests and decide whether to require an inmate seeking only money damages to exhaust a prison grievance procedure. *Id.* at 152. In balance, the Court insisted on a more effective administrative remedy, to include a provision requiring that monetary relief be available. *Id.* at 155–56. Such a requirement was consistent with former § 1997e(a) and regulations promulgated under it. *Id.* at 150 & n. 4.

In contrast to the situation presented in *McCarthy,* this court is not faced with having to weigh competing considerations and decide what attributes an administrative remedy *should* possess in prisoner cases in order to trigger an exhaustion requirement. Con-

gress made that policy decision when it amended § 1997e(a). "Where Congress specifically mandates, exhaustion is required." *Id.* at 144. It is not within the province of the courts "to alter the balance struck by Congress in establishing the procedural framework for bringing actions under § 1983," *Patsy v. Board of Regents of State of Fla.,* 457 U.S. 496, 512, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982), even if the court believes Congress struck an unwise balance, or, as some might argue, no balance at all.

The recent decision in *Garrett v. Hawk,* 127 F.3d 1263 (10th Cir.1997) is also consistent with this court's analysis. There, a federal prisoner brought a *Bivens* action for money damages without having exhausted the Bureau of Prisons' administrative appeal procedure. The government conceded that if an inmate sought purely monetary damages under those administrative procedures the prison staff would reject the claim as constituting an improper subject matter for administrative review. *Id.* at 1266. Given that concession, the court of appeals concluded that the Bureau of Prison's administrative remedy was not "available" to the federal prisoner. *Id.* at 1267.

The same cannot be said here. Plaintiff seeks more than monetary relief—he also seeks declaratory relief—and nothing in the complaint or otherwise suggests that if plaintiff sought monetary relief through the administrative inmate appeal procedure, his appeal would be summarily rejected on that ground. Indeed, even assuming monetary relief was not available through that procedure, one conceivable outcome of it is that plaintiff could be reinstated to the Council. Such an outcome could greatly reduce, if not eliminate, plaintiff's claim for compensatory damages. It may even persuade plaintiff not to bring his grievance to federal court. Accordingly, there is nothing to suggest that plaintiff would be foreclosed from the administrative process if he pursued it.

IT IS THEREFORE ORDERED that the action be, and the same hereby is, DISMISSED WITHOUT PREJUDICE for failure to exhaust such administrative remedies as are available.