Edison PLASENCIA, Plaintiff,

v.

**THE STATE OF CALIFORNIA, et al., Defendants.**

**No. CV 98–0576 DDP (RNBX).**

United States District Court, C.D. California.

Nov. 18, 1998.

David L. Fisher, David L. Fisher Law Offices, San Luis Obispo, CA, Gerald C. Carrasco, Fisher & Carrasco, San Luis Obispo, CA, for Edison Plasencia.

Julie Louise Garland, CAAG Office of Atty. General of California, San Diego, CA, for State of California, Dept. of Youth Authority, El Paso De Robles School.

Barbara C. Spiegel, Julie Louise Garland, CAAG Office of Atty. General of California, San Diego, CA, for Daniel Marquez, Joe Quiroz, Kathleen Thompson, Does 1–50.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

PREGERSON, District Judge.

This matter comes before the Court on the motion for summary judgment brought by Defendants Daniel Marquez ("Marquez"), Joe Quiroz ("Quiroz"), and Kathleen Thompson ("Thompson") (collectively "Defendants"). Oral argument was heard on August 10, 1998.

In its previous order, the Court granted Defendants' motion to dismiss as to Plaintiff Edison Plasencia's ("Plasencia") claims against the State of California (the "State"), the Department of the California Youth Authority ("CYA"), and El Paso de Robles School ("El Paso de Robles") (collectively "Defendants"). The Court also found that Plasencia's confinement in the Nacimiento facility was grievable, and that the Prison Litigation Reform Act ("PLRA") does not require Plasencia to exhaust his administrative remedies under the California Tort Claims Act ("CTCA"). The Court converted Defendants' motion to dismiss to a motion for summary judgment and requested further briefing on the following issues: (1) whether Plasencia was advised of his administrative remedies and whether it was possible for him to timely exhaust them; (2) whether mone-

tary damages could be obtained through the grievance procedures that were available to Plasencia; (3) whether, under PLRA, a plaintiff seeking monetary damages must exhaust administrative remedies even if those remedies do not allow for monetary damages; (4) whether a plaintiff must exhaust his remedies under the Individuals with Disabilities Education Act ("IDEA") before bringing a claim for monetary damages under 42 U.S.C. § 1983; and (5) whether Plasencia suffered physical injury. After consideration of the parties' oral and written arguments, the Court grants in part and denies in part Defendants' motion for summary judgment.

## DISCUSSION

### I. Legal standard

Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." *See* Fed. R.Civ.P. 56(c). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and material facts are those "that might affect the outcome of the suit under the governing law." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Thus, the "mere existence of a scintilla of evidence" in support of the nonmoving party's claim is insufficient to defeat summary judgment. *Id.* at 252, 106 S.Ct. 2505. In determining a motion for summary judgment, all reasonable inferences from the evidence must be drawn in favor of the non-moving party. *See id.* at 242, 106 S.Ct. 2505.

### II. Whether Plasencia was advised of his administrative remedies and whether it was possible for him to timely exhaust those remedies

Defendants have made two arguments in response to the Court's request for further briefing on the issues of whether Plasencia was advised of his administrative remedies and whether it was possible for him to timely exhaust those remedies. First, Defendants have submitted evidence that Plasencia was advised of the available administrative remedies and could have exercised his right to file a grievance. Second, Defendants request that the Court reconsider its ruling that Pla-

sencia was not required to exhaust his administrative remedies under the CTCA. Defendants argue that Plasencia could have filed a tort claim with the State Board of Control and that monetary damages are available under the CTCA's administrative procedures.

### A. Was Plasencia advised of his right to file a grievance?

In its Order converting Defendants' motion to dismiss, the Court requested further briefing on the issues of whether Plasencia was advised of the grievance procedures and whether it was possible for him to file a grievance.

Defendants have submitted evidence indicating that Plasencia was advised of the grievance procedures and that he could have filed a grievance during the period of his confinement. Defendants have submitted a copy of a document entitled "Weekly Checklist." By initialing a particular topic on the checklist, a ward is agreeing that he has received instruction on that topic and has an understanding of that topic. On the "Weekly Checklist," Plasencia initialed the "Grievance Procedure" box, thereby indicating that he had received instruction on the institution's grievance procedures.

Defendants have also submitted declarations indicating that Plasencia was interviewed within 24 hours of being placed in detention and was visited at least once a week by an Assistant Superintendent or the Superintendent's designee, who inquired about Plasencia's well being and advised him about his housing status. Defendants' declarations indicate that Plasencia failed to file a grievance or state that he wished to do so.

In his opposition, Plasencia contends that the evidence presented by Defendants is insufficient to establish that administrative remedies were available to Plasencia because there is no evidence that Plasencia was provided with an institutional form or even a pad and pencil to use to file a grievance.

The Court finds that the evidence presented by Defendants is sufficient to carry Defendants' burden on summary judgment. The Court shifts the burden to Plasencia to

come forward with evidence that he could not have filed a grievance. The Court further finds that Plasencia has not raised any triable issues of fact regarding whether he knew of the grievance procedures and could have filed a grievance. Plasencia has not presented evidence indicating that Defendants failed to advise him of the grievance procedures. Plasencia does not dispute that he was visited on a regular basis by El Paso de Robles's staff. Further, Plasencia does not dispute that he never indicated to the staff that he wished to file a grievance.

The Court therefore finds that Plasencia knew of the grievance procedures and that it was possible for him to initiate a grievance under those procedures.

### B. *Is Plasencia required to file a claim with the State Board of Control?*

█ Defendants request that the Court reconsider its ruling that PLRA does not require Plasencia to exhaust his claims with the State Board of Control under the CTCA.

Courts are split on the issue of whether the exhaustion requirement in PLRA is jurisdictional. In *Wright v. Morris*, 111 F.3d 414 (6th Cir.1997), the court found that § 1997e was not jurisdictional for purposes of retroactivity. Further, two district courts in the Ninth Circuit have found that the exhaustion requirement in PLRA is not jurisdictional. *See Lacey v. C.S.P. Solano Medical Staff*, 990 F.Supp. 1199, 1202–03 (E.D.Cal.1997); *Palomino v. Stanton*, 1997 WL 350099, *2 (N.D.Cal.1997); *but see Morgan v. Arizona Dept. of Corrections*, 976 F.Supp. 892, 895 (D.Ariz.1997) (finding that PLRA's exhaustion requirement is jurisdictional).

In reaching this conclusion, the *Lacey* and *Palomino* courts relied on *Weinberger v. Salfi*, 422 U.S. 749, 757, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975). In *Weinberger*, the Supreme Court held that the exhaustion requirement in the provision granting judicial review of claims arising out of the Social Security Act is jurisdictional because its language was "sweeping and direct" and went beyond a requirement that only exhausted claims could be brought. *See id.; Lacey*, 990 F.Supp. at 1202; *Palomino*, 1997 WL 350099, *2. The *Weinberger* court stated that while an exhaustion requirement is jurisdictional when the statute states that "no action

shall be brought," the requirement is not jurisdictional when the statute merely states that "only those actions shall be brought in which administrative remedies have been exhausted." *Weinberger*, 422 U.S. at 757, 95 S.Ct. 2457.

Applying this reasoning to PLRA, the *Palomino* court found that:

> Section 1997e(a) contains no sweeping and direct language barring district court jurisdiction; rather, it "indicates 'merely that only those actions shall be brought in which administrative remedies have been exhausted.'" *Wright v. Morris*, 111 F.3d 414, 421 (6th Cir.1997) (quoting *Weinberger v. Salfi*, 422 U.S. at 757, 95 S.Ct. 2457). The court does not lack subject matter jurisdiction.

*Palomino*, 1997 WL 350099, *2.

Further, 42 U.S.C. § 1997e(c)(1) and (2) of PLRA provide that if a court finds that a complaint is frivolous, it may dismiss that complaint without first requiring exhaustion. *See Lacey*, 990 F.Supp. at 1203 n. 4. The *Lacey* court reasoned that a district court would not have the power to address whether an unexhausted complaint was frivolous if it had no jurisdiction over those claims. *See id.*

In its motion for summary judgment, Defendants argue that dicta in *Felder v. Casey*, 487 U.S. 131, 148–49, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988) indicates that exhaustion of state notice-of-claim statutes is required when Congress imposes an exhaustion requirement, as Congress did in § 1997e. The Court finds that *Felder* discussed the exhaustion requirements in § 1997e merely to show that Congress was aware that exhaustion of administrative claims was generally not a prerequisite to bringing a § 1983 action. *See Felder*, 487 U.S. at 148–49, 108 S.Ct. 2302 (finding that § 1983 preempts state law notice-of-claim requirements). In so doing, the *Felder* court relied on the discussion of § 1997e in *Patsy v. Bd. of Regents*, 457 U.S. 496, 509–11, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982), for the proposition that in § 1997e Congress had established a limited exhaustion requirement and the Court should decline to engraft additional requirements. The Court therefore finds that nothing in *Felder* compels a holding that exhaustion of

state notice-of-claim statutes is required under § 1997e.

In *Patsy*, the Court discussed the legislative history of § 1997e more extensively. The Court indicated that it believed that § 1997e requires exhaustion of administrative remedies associated with prison grievance procedures rather than those associated with state notice-of-claim requirements. *Id.* at 509–11, 102 S.Ct. 2557. The *Patsy* Court noted that "[w]ith the understanding that exhaustion generally is not required, Congress decided to adopt the limited exhaustion requirement of § 1997e in order to relieve the burden on the federal courts by diverting certain prisoner petitions back through state and local institutions, and also to encourage the States to *develop appropriate grievance procedures.*" *Id.* at 509, 102 S.Ct. 2557 (emphasis added). The legislative history quoted by the *Patsy* Court further supports a finding that Congress intended the exhaustion requirements in § 1997e to apply to institutional grievance procedures rather than to the general procedures under state notice-of-claim acts.[1] *See id.*

*Patsy* supports a finding that the exhaustion requirements in § 1997e apply only to institutional grievance procedures, not to state notice-of-claim requirements. Further, the Court finds that the reasoning in *Lacey* and *Palomino* is persuasive. In particular, if the exhaustion requirement were jurisdictional, a court would not have the power to dismiss frivolous but unexhausted claims. Therefore, the Court finds the exhaustion requirement in PLRA is not jurisdictional.

The Court therefore declines to reconsider its prior ruling that PLRA does not require Plasencia to exhaust the CTCA's notice-of-claim requirements.

### III. Whether monetary remedies could be obtained through the grievance procedures that were available to Plasencia

Defendants have not presented any evidence indicating that monetary damages are available through the grievance procedures available to Plasencia. Therefore, the Court

finds that monetary damages are not available under the grievance procedures available to Plasencia.

### IV. Whether a plaintiff must exhaust his remedies under IDEA before bringing a claim for monetary damages under 42 U.S.C. § 1983

IDEA contains an exhaustion requirement, providing that:

before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (b)(2) and (c) of this section shall be exhausted to the same extent as would be required had the action been brought under this subchapter.

20 U.S.C. § 1415(f). The administrative remedies available under IDEA do not include monetary damages. *See W.B. v. Matula,* 67 F.3d 484, 495–96 (3d Cir.1995). Therefore, as with PLRA, this Court must determine whether the monetary damages requested are an "available" administrative remedy under IDEA.

### A. Majority rule

There is a circuit split regarding whether a plaintiff must exhaust the administrative remedies under IDEA when he is seeking only monetary damages. The Seventh and the Eleventh Circuits follow the majority rule, holding that exhaustion is required. These circuits have reasoned that if they excuse exhaustion when monetary damages are requested plaintiffs could opt out of the exhaustion requirements by demanding monetary compensation. *See, e.g., Charlie F. v. Bd. of Educ. of Skokie Sch. Dist. 68,* 98 F.3d 989, 992 (7th Cir.1996).

### B. Minority rule

The Third Circuit has held that, because monetary damages are not "available" under IDEA, exhaustion is not required. *Matula,* 67 F.3d at 496. In *Matula* the plaintiffs pursued an administrative remedy and reached a settlement. Following settlement,

---

1. In particular, the *Patsy* Court cited the testimony of Rep. Butler, who stated that " '[u]nder existing law there is no requirement that a complainant first ask the *State prison system* to help him' ". *Patsy,* 457 U.S. at 509, 102 S.Ct. 2557 (citing 125 Cong. Rec. 12496 (1979)) (emphasis added).

the plaintiffs filed a civil action that contained a § 1983 claim for violation of rights secured by IDEA. *See id.* at 491. The defendants moved to dismiss, arguing in part that the plaintiffs had failed to exhaust their administrative remedies as to claims that were not covered by the settlement agreement. *See id.* The court denied the motion to dismiss reasoning that "it would be futile, perhaps even impossible, for plaintiffs to exhaust their administrative remedies because the relief sought by plaintiffs in this action was unavailable in IDEA administrative proceedings." *Id.* at 496. The *Matula* court reasoned:

> Beginning with the plain language of § 1415(f) [of IDEA] ..., it is apparent that the exhaustion requirement is limited to actions seeking relief "also available" under IDEA. We held *supra* that damages are available in a § 1983 action, but IDEA itself makes no mention of such relief. Hence by its plain terms § 1415(f) does not require exhaustion where the relief sought is unavailable in an administrative proceeding.
>
> Moreover, the legislative history of § 1415(f) clarifies that "[e]xhaustion of EHA administrative remedies would ... be excused where ... resort to those proceedings would be futile." Senate Report, 1986 U.S.C.C.A.N. at 1805. *See also* House Report at 7 (recourse to administrative remedies futile where "the hearing officer lacks the authority to grant the relief sought").
>
> Accordingly, we have held that, where the relief sought in a civil action is *not* available in an IDEA administrative proceeding, recourse to such proceedings would be futile and the exhaustion requirement is excused.

*Id.* (emphasis in original).

The *Matula* court clarified that its holding was narrow. The court excused exhaustion because any rights available to the plaintiffs under IDEA had been provided for in the settlement and the parties were bound by that settlement. *See id.* The court noted that there may be other rare exceptions permitting waiver of the exhaustion requirement "such as where the parents of a deceased child seek damages for a school board's fail-ure to provide IDEA services while the child was still alive." *See id.*

Under *Matula,* exhaustion can be waived in limited circumstances. Although exhaustion cannot be waived whenever a plaintiff seeks monetary damages rather than relief that is available under the administrative scheme, where there is no administrative remedy for a wrong that the plaintiff has suffered, exhaustion is futile and may be waived.

## C. *Conclusion*

The Court finds that the reasoning in *Matula* is persuasive, and the Court adopts the minority rule.

The Court further finds that because it does not have sufficient information to determine whether the wrongs claimed by Plasencia can still be remedied by the administrative scheme, exhaustion is required. Therefore, the Court denies Defendants' motion for summary judgment on this issue because there is a triable issue of fact as to whether administrative remedies are available to Plasencia. The Court invites the parties to file motions for summary judgment on the availability of administrative remedies under IDEA.

## V. *Whether, under PLRA, a plaintiff seeking solely monetary damages must exhaust his administrative remedies even if those remedies do not allow for monetary damages*

### A. *Must a plaintiff seeking monetary damages exhaust an administrative procedure that does not provide for monetary damages?*

In 1996 Congress amended 42 U.S.C. § 1997e to provide:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies *as are available* are exhausted.

42 U.S.C. § 1997e(a) (emphasis added). Courts have disagreed as to whether after this amendment a plaintiff seeking monetary

damages must exhaust his administrative remedies where those administrative remedies do not provide monetary damages.

In *Spence v. Mendoza*, 993 F.Supp. 785, 786 (E.D.Cal.1998), the court found that exhaustion was required regardless of whether the remedies requested were available through an administrative procedure. The *Spence* court reasoned that:

> Congress amended the above language in 1996 to delete language concerning "effective administrative remedies," while retaining the term "available." It also deleted the language concerning "minimum acceptable standards" promulgated by the Attorney General and the language concerning "fair and effective" remedies.

*Id.* at 787. The *Spence* court reasoned that Congress intended these alterations to substantially change the existing rule that exhaustion was not required when it would not provide effective relief. Therefore, the court concluded that Congress intended to require exhaustion regardless of whether the relief requested was available through the administrative process. *See id.* at 788–89.

Other courts have found that exhaustion is not required when a prisoner is requesting remedies that are not available through administrative procedures. In *Garrett v. Hawk*, 127 F.3d 1263 (10th Cir.1997), the Tenth Circuit considered a prisoner's *Bivens* claim requesting monetary damages based on the alleged use of excessive force. The *Garrett* court noted that, under the administrative procedures available to the plaintiff, if he had filed a claim seeking purely monetary damages, "the institution staff [would] reject the claim as constituting improper subject matter for administrative review." 127 F.3d at 1266. The court therefore found that the prisoner need not exhaust these administrative procedures, reasoning that:

> until an administrative remedy is provided for *Bivens* claims for monetary damages, we must conclude that no exhaustion of administrative remedies is required under PLRA in this case because no such remedies exist to be exhausted.

*Id.* at 1267.

Similarly, in *Lacey*, the court considered the meaning of the term "available," as used in § 1997e(a), and found that exhaustion was not required when the prisoner was seeking monetary damages that were not available through administrative procedures. *See Lacey*, 990 F.Supp. at 1205–06. The court noted that Webster's defined "available" as " 'capable of availing: having sufficient power or force to achieve an end' ..." *Id.* at 1205 (quoting *Webster's New Int'l Dictionary* 150 (3d ed.1976)). Because the administrative procedures available to the plaintiff did not provide for monetary relief, and because the sole remedy requested by the plaintiff was monetary damages, the *Lacey* court found that an administrative remedy was not "available" to the plaintiff. *Lacey*, 990 F.Supp. at 1205; *see also Russo v. Palmer*, 990 F.Supp. 1047, 1050 (N.D.Ill.1998) ("Because [plaintiff] seeks monetary damages and the prison's administrative remedies do not provide any relief for such requests, there was no administrative remedy 'available' for [plaintiff] to exhaust."); *Hollimon v. DeTella*, 6 F.Supp.2d 968, 970 (N.D.Ill.1998) ("Cases that consider the issue have consistently held that, where a prisoner is pursuing only monetary damages and the prison grievance procedure does not provide for monetary relief, the exhaustion requirement of § 1997e(a) does not apply").

The Ninth Circuit has addressed this issue in the analogous situation of a prisoner's claim in a *Bivens* action. *Lunsford v. Jumao–As*, 155 F.3d 1178 (9th Cir.1998). The *Lunsford* court held:

> We agree with both parties that because John Wayne Lunsford seeks only damages in his *Bivens* action, he was not required to exhaust his administrative remedies before filing this lawsuit in the district court in light of the fact that the Administrative Remedy Program only provides for injunctive relief. *See* 42 U.S.C. § 1997e(a); *Honig v. Doe*, 484 U.S. 305, 327, 108 S.Ct. 592, 606, 98 L.Ed.2d 686 (1988). Therefore, we VACATE the district court's order dismissing Lunsford's complaint and denying his application to proceed in forma pauperis, and REMAND this case to the district court for further proceedings consistent with this order.

*Lunsford*, 155 F.3d at 1179.

The Court finds that the *Spence* court gave insufficient consideration to § 1997e(a)'s re-

quirement that the administrative remedy is "available," and finds the reasoning in *Garrett* and *Lacey* persuasive. The Court finds that "available remedies" as used in § 1997e(a) limit exhaustion to situations where there is an administrative remedy for the injury suffered by the litigant. Where, as here, there is no administrative remedy, such as monetary damages, to compensate the litigant for wrong suffered, exhaustion is futile and is not required. Further, the Court finds that this result is supported by *Lunsford*, in which the Ninth Circuit held that exhaustion was not required where the available administrative remedy was limited to injunctive relief.

Further, this holding is consistent with the Court's interpretation of the term "available" as used in IDEA. As discussed above, the minority rule under IDEA waives exhaustion when the relief sought is not available in administrative proceedings. *See Matula*, 67 F.3d at 496. The *Matula* court, however, creates a very narrow exception. Under *Matula*, exhaustion is not waived merely because the plaintiff requests unavailable remedies. Instead, exhaustion is only waived when the underlying wrong could not be alleviated through the administrative procedure.

Therefore the Court finds that exhaustion is required if, at the time the action is filed, the wrong can be alleviated by an administrative procedure. For example, if Plasencia were still in solitary confinement and chose to file suit rather than file a grievance regarding his conditions, exhaustion is required. In contrast, where the condition creating the damage has ceased and only monetary damages remain, exhaustion would not be required because pursuit of administrative remedies would be futile.

Plasencia was no longer suffering the wrongs alleged at the time the complaint was filed. No administrative remedy was available to him under the grievance procedure. The Court therefore denies Defendants' motion for summary judgment based on Plasencia's failure to exhaust his administrative remedies.

VI. ***Whether Plasencia suffered physical injury***

■ As amended in 1996, PLRA provides:

No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. § 1997e(e).

Plasencia argues that "weight loss that is attributable to an underlying emotional injury is a sufficient showing of physical injury under the PLRA."

The Court finds that weight loss is insufficient to constitute a prior physical injury under PLRA. Therefore, the Court grants summary judgment as to Plasencia's claims for emotional distress.

IT IS SO ORDERED.