**Patrick YORK, Plaintiff,**

v.

**S. HUERTA–GARCIA, et al., Defendants.**

**No. 98–CV–0733 (LSP).**

United States District Court,
S.D. California.

Feb. 5, 1999.

Patrick York, Soledad, CA, pro se.

Attorney General, State of California Office of the Attorney General, San Diego, CA, for defendants.

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS (11–1)

PAPAS, United States Magistrate Judge.

### I

### PROCEDURAL BACKGROUND

On April 17, 1998 Patrick York ("Plaintiff"), a prisoner proceeding *pro se*, filed a Complaint pursuant to 42 U.S.C. § 1983 alleging violations of his due process rights by officials at Calipatria State Prison ("CSP"). Plaintiff named as defendants S. Huerta–Garcia, Chief Deputy Warden, G. Ochs, Associate Warden, A. Tutt, Facility Captain, D. Dexter, Correctional Counselor, G. Stanford, Lieutenant, and L. Albert, Correctional Officer (collectively, the "Defendants"), all employed at CSP. (Compl. p. 1, Def.Mem. p. 2.)

On July 30, 1998 Defendants, through counsel, filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

On August 11, 1998 Plaintiff filed a Motion in Opposition to Defendants' Motion to Dismiss.

### II

### STATEMENT OF THE CASE

■ Plaintiff alleges the following in his Complaint:

On 5–16–97 I had a 115 hearing held by Lieutenant G. Standford [sic] without having all my paperwork. The 115 was written by L. Albert who withheld my statement. G. Ochs was the chief disciplinary officer who didn't check for mistakes. A. Tutt and D. Dexter are on the committee that confirm [sic] the 115 that violated my due process Miranda rights.[1] S.H. Garcia is held responsible for the committee.

(Compl. p. 3.)

In his prayer for relief Plaintiff requests that he "be compensated $400 a day for each day that I was held in administrative segregation (lock up) after the fact finding of the 115." (Compl. p. 3.)

■ Exhibits filed with the Complaint shed light on the facts leading to Plaintiff's action.[2] An Order and Hearing for Placement in Segregated Housing ("Hr'g") states that on April 17, 1997 officers discovered "an Exacto Blade … secreted in a Buglar To-

---

**1.** Prisoners who are investigated for matters unrelated to their incarceration and who are referred for prosecution in connection with that matter may be entitled to *Miranda* warnings. *See Mathis v. United States*, 391 U.S. 1, 88 S.Ct. 1503, 20 L.Ed.2d 381 (1968) (routine investigatory conversations with prisoner while incarcerated for an unrelated conviction constituted a custodial interrogation under *Miranda*). In the instant case Plaintiff was questioned for internal disciplinary proceedings. This Court has not been presented with any information that Plaintiff has been criminally prosecuted. Plaintiff's poorly pled allegation of an unconstitutional *Miranda* violation is of no consequence in the instant 42 U.S.C. § 1983 action.

This Court further notes, however, that Part C of the Incident Report states that Plaintiff "may be referred to the … District Attorney's office for felony prosecution." (Incident Report, Part C, p. 2.) If in the future Plaintiff is criminally prosecuted in relation to this incident, Plaintiff's alleged *Miranda* violation may have merit. *See, e.g., Taylor v. Best*, 746 F.2d 220 (4th Cir.1984):

> [T]he purpose of the examination is not to bypass the adversary system and extract incriminating statements from the defendant to be used against him in a subsequent criminal proceeding. The clear purpose is to evaluate the prisoner so that he may be assigned to the appropriate institution at the appropriate custody level with a basic program plan for treatment that fits his rehabilitation and training needs…. *Only if the state attempted to use the evaluation in a subsequent criminal proceeding would Taylor's right to assert the fifth amendment be triggered.*

*Taylor*, 746 F.2d at 224 (emphasis added) (citations omitted).

**2.** Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). *Levine v. Diamanthuset, Inc.*, 950 F.2d 1478, 1483 (9th Cir.1991). A court may, however, consider exhibits submitted with the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir.1989); *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279 (9th Cir.1986). For all of these reasons, it is only under extraordinary cir-

bacco Can" in the cell of Plaintiff and his cellmate.[3] The tobacco can that hid the Exacto blade was "being utilized as a pen/pencil container" and "a television knob was discovered that appeared to be fashioned into a handle for the blade." (Hr'g.) After discovery of the Exacto blade in Plaintiff's cell, Plaintiff was placed in administrative segregation "pending the adjudication of disciplinary charges, and an appearance before the Institutional Classification Committee for appropriate program and housing needs." (*Id.*)

Defendants move to dismiss the Complaint on two separate grounds. Defendants contend Plaintiff's claim for the allegedly wrongful discipline is not cognizable as a 42 U.S.C. § 1983 action. (Def.Mem. p. 2.) Defendants further contend Plaintiff's claim is barred because Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act. (*Id.* p. 4.)

In his Opposition Plaintiff contends that (a) the provisions of 42 U.S.C. § 1997e(a) do not implicate the subject matter jurisdiction of this Court; (b) presentation of Plaintiff's claims to the "State Board of Control" is not a "necessary prerequisite" to maintain an action for the remedy Plaintiff seeks, (c) there are no administrative remedies available under Title 15 of the California Code of Regulations for Plaintiff's damage claims, and (d) Plaintiff has "exhausted C.D.C. 602 remedies to it's [sic] highest available level." (Pl. Opp'n p. 2.) Further, Plaintiff argues that articles 1, 2 and 3 of 15 C.C.R. § 3312 "clearly grant Plaintiff an [sic] legal presidence [sic] to be provided and produce such evidence in the affor [sic] stipulated proceedings the above referenced legal right simultaneously evokes the protections of the United States Constitution Due Process Clause . . . ." (Pl. Opp'n p. 3.)

### III

### STANDARD OF REVIEW

1.  *Federal Rule of Civil Procedure 12(b)(6)*

Generally under Federal Rule of Civil Procedure 12(b)(6), a complaint should not be

dismissed for failure to state a claim unless it appears beyond doubt the plaintiff could prove no set of facts in support of his or her claim for relief. *Church of Scientology v. Flynn,* 744 F.2d 694, 696 (9th Cir.1984). In applying this standard, the court must treat all of the plaintiff's factual allegations as true. *Experimental Eng'g, Inc. v. United Technologies Corp.,* 614 F.2d 1244, 1245 (9th Cir.1980). Pursuant to a Federal Rule of Civil Procedure 12(b)(6) motion, a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 338 (9th Cir.1996).

■ The court is not, however, bound to assume the truth of legal conclusions merely because they are stated in the form of factual allegations. *Western Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir.), *cert. denied,* 454 U.S. 1031, 102 S.Ct. 567, 70 L.Ed.2d 474 (1981).

■ Dismissal is proper if a complaint is vague, conclusory, and fails to set forth any material facts in support of the allegation. *North Star Intern. v. Arizona Corp. Comm'n,* 720 F.2d 578, 583 (9th Cir.1983). To dismiss with prejudice, it must appear to a certainty that the plaintiff would not be entitled to relief under any set of facts that could be proven. *Reddy v. Litton Indus.,* 912 F.2d 291, 293 (9th Cir.1990), *cert. denied,* 502 U.S. 921, 112 S.Ct. 332, 116 L.Ed.2d 272 (1991).

2.  *Pro Se Complaints*

■ Plaintiff bears the burden of pleading sufficient facts to state a claim; courts will not supply essential elements of a claim that were not initially pled—even in the context of a *pro se* plaintiff. *Richards v. Harper,* 864 F.2d 85, 88 (9th Cir.1988); *Ivey v. Board of Regents of University of Alaska,* 673 F.2d 266, 268 (9th Cir.1982). Although the Federal Rules of Civil Procedure are very liberal as to pleading where a plaintiff is proceeding *pro se,* even a *pro se* complaint is

---

cumstances that dismissal is proper under Rule 12(b)(6). *United States v. City of Redwood City,* 640 F.2d 963, 966 (9th Cir.1981).

**3.** Plaintiff's cellmate is not a party to this action.

subject to dismissal if the pleading fails to reasonably inform the adverse party of the asserted cause of action. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

## IV

## DISCUSSION

A. *Cognizability of Plaintiff's Action under 42 U.S.C. § 1983*

1. *Plaintiff's Opposition Paper*

Defendants first contend that Plaintiff's claim is not cognizable as a civil rights action under 42 U.S.C. § 1983. "Plaintiff alleges he is entitled to damages for being wrongfully disciplined by prison staff." (Def.'s Mem. p. 3.) "[I]n order for Plaintiff to prevail in this action, the Court would necessarily have to determine that Plaintiff's due process rights were violated and that he was wrongly placed in administrative segregation." (*Id.* p. 4.)

In response to Respondents' Motion to Dismiss on the ground that this action is not cognizable under 42 U.S.C. § 1983, Plaintiff argues that articles 1, 2 and 3 of "C.C.R. SEC 3312" [sic] clearly grant "Plaintiff an [sic] legal presidence [sic] to be provided and produce such evidence in the affor [sic] stipulated proceedings the above referenced legal right simultaneously evokes the protections of the United States Constitution Due Process Clause . . . ." (Pl. Opp'n p. 3.)

Plaintiff's Opposition misconstrues Defendants' argument when Plaintiff says "Defendant further contends Plaintiff's action is not cognizable as in civil rights violation [sic] because of the misconception Plaintiff had no right to produce evidence in his favor at a disciplinary proceeding." (Pl. Opp'n p. 3.) Defendants contend the action is not cognizable because the disciplinary finding has not been invalidated. (Def.'s Mem. p. 4.)

Defendants do not, as Plaintiff maintains, allege Plaintiff had "no right to produce evidence in his favor." Nor does the Opposition's incomplete legal citation to the California Code of Regulations render Plaintiff's

Complaint valid.[4] 15 C.C.R. section 3312 discusses how inmate misconduct should be "handled." Plaintiff argues this section allows him to be provided with and to produce evidence in his disciplinary proceeding. (Pl. Opp'n p. 3.)

15 C.C.R. section 3312, however, has no bearing on Defendants' Motion. Defendants seek dismissal for a reason unconnected to evidentiary concerns. Stated differently, Defendants do not seek dismissal, as Plaintiff contends, because they had a "misconception" that Plaintiff was barred from producing evidence at his disciplinary hearing. (Pl. Opp'n p. 3.) Rather, Defendants seek Federal Rule of Civil Procedure 12(b)(6) dismissal for Plaintiff's failure to demonstrate in any way his disciplinary proceeding or his placement in administrative segregation has been called into question by a federal habeas corpus court or otherwise reversed, expunged, or declared invalid.

2. *Cognizability of Plaintiff's Action*

█ The Court will now turn to the substance of Defendants' Motion to Dismiss. In *Heck v. Humphrey*, the Supreme Court held that in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). The *Heck* Court also stated, however, "if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Id.* at 487, 114 S.Ct. 2364.

4. The Opposition cites to "C.C.R. 3312." (Pl. Opp'n p. 3.) The Opposition's legal citation fails to include the title of the regulation section. Because the Complaint deals with Plaintiff's discipline, and because Plaintiff's argument appears

to be based on section 3312 of Title 15, the Court concludes the Opposition was referring to 15 C.C.R. section 3312, entitled "Disciplinary Methods."

In *Edwards v. Balisok* the Supreme Court made clear *Heck's* reasoning applied not only to prisoners challenging the conviction of their underlying sentences, but also to prison administrative rulings depriving prisoners of good-time credits. *Edwards v. Balisok,* 520 U.S. 641, 117 S.Ct. 1584, 1587–88, 137 L.Ed.2d 906 (1997).

Justice Scalia, writing for the majority, stated the question in *Edwards* was "whether a claim for damages and declaratory relief brought by a state prisoner challenging the validity of the procedures used to deprive him of good-time credits is cognizable under § 1983." *Edwards,* 117 S.Ct. at 1586.

The *Edwards* Court held the prisoner's claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily implied the invalidity of the punishment imposed, was not cognizable under 42 U.S.C. § 1983. *Id.* 117 S.Ct. at 1589. Note, however, that in *Edwards* the main punishment at issue was deprivation of good-time credits, not placement in administrative segregation, the punishment at issue in the instant case.

■■ The Court's reasoning in *Heck* and *Edwards,* when both cases are read in conjunction, make it clear that a 42 U.S.C. § 1983 claim is not cognizable where (a) the plaintiff seeks damages bearing a relationship to a conviction that would necessarily imply the invalidity of the underlying conviction where that conviction has not been reversed, expunged, declared invalid or called into question, *Heck,* 512 U.S. at 486, 114 S.Ct. 2364, or (b) the plaintiff seeks damages challenging the procedures employed in a disciplinary hearing depriving a prisoner of good-time credits. *Edwards,* 117 S.Ct. at 1589.

Like the prisoner plaintiff in *Edwards,* Plaintiff in the instant case alleges the procedures used in his disciplinary proceeding violated his due process rights. (Compl. p. 3.) In these two cases, however, the difference between the discipline in *Edwards* and Plaintiff's discipline was placement in administrative segregation. Plaintiff York's instant action seeks damages in the amount of $400 for each day he was held in administrative segregation—not, as in *Edwards,* for deprivation of good-time credits. (Compl. p. 3.) Plaintiff seeks money damages for an alleged constitutional due process violation because, as Plaintiff states, the failure to provide Plaintiff with paperwork and the failure to "check for mistakes," (*Id.* p. 3), resulted in Plaintiff's placement in administrative segregation.

It is not clear whether an award of damages to Plaintiff for the alleged violation of Due Process rights implies the invalidity of the punishment imposed as contemplated by the Supreme Court in *Edwards.* Stated differently, there is divergence of opinion among the circuits concerning whether *Edwards* applies *only* to alleged faulty procedures depriving a prisoner of good-time credits, or whether *Edwards* should be construed to apply to a broad range of internal disciplinary punishments, including administrative segregation.

Defendants assert this Court cannot determine whether Plaintiff's Due Process rights were violated until Plaintiff establishes that the disciplinary finding has been invalidated pursuant to the requirements in *Heck.*

This Court does find some support for Defendants' argument. In *Gotcher v. Wood,* 66 F.3d 1097 (9th Cir.1995), *vacated by* 520 U.S. 1238, 117 S.Ct. 1840, 137 L.Ed.2d 1045 (1997), *superseded by* 122 F.3d 39 (9th Cir.), a case factually similar to the instant action, the prisoner plaintiff alleged that during his disciplinary hearings, prison employees failed to give him 24–hour advanced written notice of allegations against him and did not allow him to call witnesses or present documentary evidence in his defense. *Gotcher,* 66 F.3d at 1098. The prisoner plaintiff lost 30 days of good-time credits and was placed in disciplinary segregation. *Id.*

After the Supreme Court rendered the *Edwards* opinion, on remand the Ninth Circuit reconsidered *Gotcher. Gotcher v. Wood,* 122 F.3d 39 (9th Cir.1997). In a brief one-page opinion, the Ninth Circuit held the ruling in *Edwards* foreclosed plaintiff's entire compensatory claim under 42 U.S.C. § 1983. *Gotcher,* 122 F.3d at 39. In short, the *Gotcher* plaintiff was precluded from bringing a 42 U.S.C. § 1983 claim seeking damages for alleged disciplinary hearing Due Process violations resulting in placement in

administrative segregation. However, of particular import to the instant case is the *Gotcher* court's statement that it did "not reach the issue of whether [plaintiff] Gotcher has a protectable liberty interest in receiving good-time credits *or remaining free of disciplinary segregation ....*" *Id.* (emphasis added).

Another district court in the Ninth Circuit took up the question whether disciplinary segregation can result in a valid 42 U.S.C. § 1983 damage claim. The plaintiff in *Barone v. Hatcher*, 984 F.Supp. 1304 (D.Nev. 1997), not cited by Defendants, challenged the validity of his disciplinary hearing result. *Barone*, 984 F.Supp. at 1309. The *Barone* court concluded the applicable precedent was established in *Gotcher.*[5]

However, there is an important difference between *Barone* and the instant case. In *Barone* the court considered a summary judgment motion; the instant Motion is one to dismiss the Complaint pursuant to Fed. R. Civ. Proc. 12(b)(6). In addition, the *Barone* court felt *Gotcher* was the appropriate precedent to follow. However, as this Court has already noted, *Gotcher* never reached the question whether plaintiff had a protected liberty interest in remaining free from disciplinary segregation. *Gotcher*, 122 F.3d. at 39.

While the *Heck-Edwards-Gotcher-Barone* line of cases affords a narrowed view of prisoners' ability to bring civil rights actions pursuant to administrative segregation, legal analysis limited to only this line of cases would neglect important primary authority concerning the main thrust of Defendants' Motion.

The Supreme Court itself raises the possibility that Plaintiff's claim may indeed be cognizable under 42 U.S.C. § 1983. In *Sandin v.. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), the Supreme Court recognized that "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." *Sandin*, 515 U.S. at 484, 115 S.Ct. 2293. The Court hastened to add that those "interests will be generally limited to freedom from restraint which ... imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.*

Citing *Heck*, Defendants' Motion argues that the "Supreme Court has held claims that would render a conviction or sentence invalid are not cognizable under the Civil Rights Act unless the plaintiff can prove the conviction or sentence has already been declared invalid ...." (Def.Mot. p. 3.) "Accordingly, because a judgment in favor of Plaintiff would necessarily imply the invalidity of his discipline and Plaintiff has not alleged that the discipline has been declared invalid, Plaintiff's claim is not cognizable as a civil rights action." (*Id.* p. 4.)

This argument misses the mark and paints *Heck's* holding with far too broad a brush. At this point in the proceedings it cannot be determined whether Plaintiff's action would render his underlying conviction or sentence invalid, as contemplated by *Heck* or as interpreted by *Edwards*.

Further, this Court should not rely too heavily on *Barone's* support of this position. First, *Barone* is a Nevada district court opinion. Second, the Ninth Circuit has neither spoken on this particular issue, nor has it endorsed *Barone's* interpretation. Third, as

---

5. The entire passage from *Barone* is instructive:

> For two reasons, we think *Gotcher* is the precedent to follow. First, it is directly on point ... it squarely holds that a challenge to the procedures used in a disciplinary hearing which resulted in placement in disciplinary segregation (and no other punishment or segregation) is not cognizable under § 1983. Second, it is the most recent of the three post-[*Edwards* ] Ninth Circuit cases. True, [*Edwards* ] itself has not yet been decided by that Court on remand, and when it is it may change the legal landscape, but until then ... we think it best to simply follow the most recent case.

> As a result, we are forced to conclude, in concord with the Magistrate Judge, that the present action is largely foreclosed by *Edwards v. Balisok.* We are not entirely happy with this result, because as interpreted [*Edwards* ] implicitly overrules *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995)[ ] at least in part. But we must follow Circuit case law come what may. Because our holding applies regardless of the collateral consequences flowing from [p]laintiff's punishment (such as a smaller chance of being paroled), those collateral consequences make no difference.

> *Barone*, 984 F.Supp. at 1310.

the *Sandin* Court noted, in certain cases there may be prisoner liberty interests protected by the Due Process clause. Those interests will usually be limited to freedom from restraint which impose "atypical and significant hardship" on the inmate. *Sandin*, 515 U.S. at 484, 115 S.Ct. 2293. Although brief, Plaintiff's Complaint alleges a violation of his Due Process rights, alleges he was denied his paperwork, and alleges officers "didn't check for mistakes." (Compl. p. 2.) He prays for monetary damages for each day he was placed in administrative segregation (*Id.*). The segregation complained of could constitute the "atypical and significant hardship" contemplated by the *Sandin* Court. In no way does it appear that Plaintiff is challenging his conviction or sentence as envisioned in *Heck*. Further, Plaintiff's action may indeed be cognizable because of the possibility of a liberty interest as envisioned in *Sandin*.

This Court is presented with a request to dismiss Plaintiff's claim without any facts indicating the nature of Plaintiff's ordinary confinement, the nature and conditions of his segregated confinement, whether Plaintiff has a liberty interest in remaining free from said segregated confinement, and whether the punishment imposed reaches the "atypical and significant hardship" contemplated by the *Sandin* court.

The aforementioned is not the only reason that granting Defendants' Motion to Dismiss is premature. Specifically, this Court has no information concerning what, if any, process was due Plaintiff and whether Plaintiff was, in fact, provided with that process. The only information presented to this Court regarding the process provided Plaintiff are the allegations in the Complaint that Plaintiff's Due Process rights were violated. (Compl. p. 2.) While not a model of clarity, the Complaint's material allegations, on a 12(b)(6) motion to dismiss, must be accepted as true and all reasonable inferences from those allegations must be deduced. *Cahill*, 80 F.3d at 338.

The problems outlined above are exactly those contemplated in *Brown v. Plaut*, 131 F.3d 163 (D.C.Cir.1997). In *Plaut*, the court rejected the contention that because success on plaintiff's Due Process claim would "necessarily imply" the decision to place plaintiff

in administrative segregation was invalid, plaintiff must pursue his claim via habeas corpus. *Id.* at 166. The *Plaut* court construed *Edwards* narrowly and found that *Edwards* only concerns the deprivation of good-time credits. *Plaut*, 131 F.3d at 168.

*Plaut* outlines a pretrial litigation framework this Court believes would better serve the ends of justice. Specifically, the *Plaut* court remanded the case to first determine whether plaintiff received all the process that he was due. *Plaut*, 131 F.3d at 172. If plaintiff did receive all the process that he was due, that would end the inquiry. *Id.* If, however, plaintiff did not receive any such process, the court would then determine whether a liberty interest did exist. *Id.*

This Court finds the factual scenario in *Plaut* similar enough to the instant case to warrant consideration and the legal reasoning in *Plaut* persuasive enough such that Defendants' Motion to Dismiss on cognizability grounds must be denied. This Court does not have nearly enough information to grant dismissal under Federal Rule of Civil Procedure 12(b)(6). The Complaint alleges enough such that a constitutional claim has been presented. As already stated, 12(b)(6) dismissal presents a high legal bar, especially in light of the deference afforded *pro se* plaintiffs. Defendants fall short of that bar in the instant Motion.

B.  *Alleged Failure to Exhaust Administrative Remedies*

██ Defendants' move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's Complaint because:

> Plaintiff claims he filed an Inmate/Parolee Appeal Form 602 and that it was denied. Plaintiff does not allege his appeal was presented to, and decided by, each level of administrative review available within the prison administration or provide any proof that he exhausted all levels of administrative remedies. Plaintiff's failure to allege or provide proof of exhaustion suggests he never completed the process available to him.

(Def.Mot. p. 5.)

The important consideration is whether Plaintiff, seeking monetary damages in the

instant action, is required to exhaust administrative remedies when those administrative remedies may not provide the remedy sought.

Case law has been split on the issue. In *Spence v. Mendoza*, 993 F.Supp. 785, 786 (E.D.Cal.1998), the court found that exhaustion was required regardless of whether the remedies requested were available through an administrative procedure.

However in *Lacey v.C.S.P. Solano Medical Staff*, 990 F.Supp. 1199 (E.D.Cal.1997), the court considered the meaning of the term "available," as used in 42 U.S.C. § 1997e(a), and found that exhaustion was not required when the prisoner was seeking monetary damages that were not available through administrative procedures. *Lacey*, 990 F.Supp. at 1205–06. The court noted that Webster's defined "available" as " 'capable of availing: having sufficient power or force to achieve an end' ..." *Id.* at 1205.

In weighing these competing opinions, the court in *Plasencia v. State of California*, 29 F.Supp.2d 1145, 1151 (C.D.Cal.1998), citing *Lacey* and *Garrett v. Hawk*, 127 F.3d 1263 (10th Cir.1997), held that when monetary damages are not available, exhaustion is futile and not required. *Plasencia*, 29 F.Supp.2d 1145, 1151.[6] In addition, the *Plasencia* court noted that the prisoner plaintiff was no longer suffering the wrongs alleged at the time the complaint was filed and, hence, "[n]o administrative remedy was available to him under the grievance procedure." *Id.* Limited Ninth Circuit authority appears to support this position. *See Lunsford v. Jumao–As*, 155 F.3d 1178 (9th Cir.1998) (federal prisoner in *Bivens* action seeking only money damages is not required under 42 U.S.C. § 1997e(a) to exhaust administrative remedies).

While not controlling, this Court finds the reasoning of *Plasencia* persuasive. Whether Plaintiff is still confined in administrative segregation is not discernable from the Com-

plaint. Most likely Plaintiff is not confined in administrative segregation. Pursuing administrative remedies seeking removal from that segregation is now moot. In addition Plaintiff is suing for monetary damages pursuant to 42 U.S.C. § 1983, also a remedy not "available" via the grievance procedure. Accordingly, it appears there is no "available" remedy for Plaintiff to pursue.

Defendants, perhaps aware of this dilemma, argue there is an administrative remedy providing monetary compensation that Plaintiff could have and should have, but failed to, exhaust. Specifically, Defendants contend "the State Board of Control is an applicable administrative remedy available for monetary compensation." (Def.Mot. p. 6.) Defendants contend that not only "must" Plaintiff exhaust the remedies available in the prison grievance system, Plaintiff's exhaustion requirement "also include[s] the California State Board of Control." (*Id.* pp. 5–6.)

Despite Defendants' insistence that Plaintiff "must" pursue this alleged administrative remedy, they cite no primary or secondary authority supporting their position. While there is no dispositive ruling from the Ninth Circuit on the issue, district court opinions reach a conclusion contrary to Defendants. In addition the Southern District does not support Defendants' position. *See, e.g., Barry v. Ratelle*, 985 F.Supp. 1235, 1237–38 (S.D.Cal.1997); *Lacey v. C.S.P. Solano Medical Staff*, 990 F.Supp. 1199, 1207–08 (E.D.Cal.1997) ("Defendant has not demonstrated that § 1997e requires California prisoners to file claims with the state Board of Control in order to exhaust available administrative remedies. In the absence of clear congressional intent ... that requirement cannot be imposed."); *Palomino v. Stanton*, 1998 WL 196461 (N.D.Cal.1998), at *2 ("[Plaintiff] need not comply with the CTCA and present his federal claims to the State Board of Control in order to exhaust avail-

---

**6.** The *Plasencia* court stated:

The Court finds that the *Spence* court gave insufficient consideration to § 1997e(a)'s requirement that the administrative remedy is "available," and finds the reasoning in *Garrett* and *Lacey* persuasive. The Court finds that "available remedies" as used in § 1997e(a)

limit exhaustion to situations where there is an administrative remedy for the injury suffered by the litigant. Where, as here, there is no administrative remedy, such as monetary damages, to compensate the litigant for wrong suffered, exhaustion is futile and is not required. *Plasencia*, 29 F.Supp.2d·1145, 1152.

able administrative remedies under § 1997e(a)") (citing *Barry v. Ratelle*); *Williams v. Cambra,* 1998 WL 387617 (N.D.Cal.1998), at *2 ("Plaintiff does not need to proceed further and apply to the State Board of Control."); *Plasencia v. State of California,* 29 F.Supp.2d 1145, 1148–49 (C.D.Cal.1998).

In sum, Defendants' position has no support and, consequently, the Motion must be denied on this ground.

## V

## CONCLUSION

After careful consideration of the papers submitted, it is the Court's perspective that the issues raised by the Motion are more appropriately addressed in a motion for summary judgment after reasonable discovery on the issues of Plaintiff's Due Process rights, liberty interests, and general confinement conditions vis a vis administrative segregation.

In addition this Court is sensitive to the harsh result that would befall Plaintiff if the Motion were granted. Specifically, the Ninth Circuit's holding in *Lopez v. Smith,* 160 F.3d 567 (9th Cir.1998), does not allow this Court to grant Plaintiff leave to amend the Complaint to correct deficiencies. "We hold, pursuant to the PLRA, that a court can no longer, at its discretion, provide an opportunity for the pro se prisoner-litigant proceeding in forma pauperis to amend deficiencies in his complaint." *Lopez,* 160 F.3d at 571. Such a harsh result is tantamount to a dismissal with prejudice, a consequence issuing merely because Plaintiff is *pro se* and proceeding *in forma pauperis.*[7] While not the substantive ground upon which this Court's denial rests, the Court cannot turn a blind eye to the patently unfair result that would accompany dismissal of Plaintiff's Complaint.

---

7. The Court is not comfortable with such a result. For example, *Lopez* makes no mention of Federal Rule of Civil Procedure 15(a), which allows a party to

    amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the

The Defendants' Motion to Dismiss is **DE-NIED.**

**IT IS SO ORDERED**

action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served.
*Id.* In addition, the Equal Protection concerns are obvious. If Plaintiff York had been appointed counsel or had paid his court fees, he would fall outside the ambit of *Lopez* and would be permitted to amend his Complaint.