**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 17 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ROGER EUGENE GRESHAM,

      Plaintiff - Appellant,

v.

A. M. FLOWERS; JOHN DOE,
Lieutenant, John Doe I; M.
ENGLAND, P.A.; C.A. WAGGONER;
MIKE MAIZE; B. MALCHER, M.D.;
JOHN DOE II; JOHN DOE III;
UNITED STATES FEDERAL
GOVERNMENT; T. JORDAN;
JAMES D. CROOK; JOHN B.
HUGHES, D.O.,

      Defendants - Appellees.

No. 99-6397
(D.C. No. CIV-98-902-L)
(Western District of Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **BALDOCK**, **HENRY** and **LUCERO**, Circuit Judges.

---

      Roger Eugene Gresham, appearing pro se, appeals from the district

court's grant of summary judgment to defendants-appellees for failure to allege a

---

     [*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

cognizable violation of his constitutional rights or the Federal Tort Claims Act ("FTCA"), from the court's dismissal of sundry other claims for failure to state a claim for which relief can be granted, and from its denial of his motion to amend his complaint. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm the judgment of the district court.

**I**

Gresham is a federal inmate incarcerated at the Federal Correctional Institution in El Reno, Oklahoma, serving a sentence of 327 months for possession of an unregistered firearm and for possession of a firearm as a felon. On September 21, 1997, while sitting or leaning against the handrail of a staircase on the second floor, he slipped and fell backwards, landing on the first floor. Prison staff responded by taking him to be examined by defendant England, a physician's assistant, to whom he complained of a headache and pain in his right wrist. After finding slight swelling in his right wrist but no bruising and a full range of motion, England treated him with ice-packs and an analgesic (ibuprofen) and advised him to return to sick call if necessary.

The next day Gresham returned for a second examination, at which time his right wrist showed bruising and swelling. X-rays revealed a fracture of his right wrist and no fracture of his left wrist. Medical staff placed a short-arm fiberglass cast on his right wrist and provided him with further analgesics.

After several subsequent examinations for pain management and follow-up, on October 21, 1997, Gresham was referred to an orthopedist, Dr. John Hughes, due to continuing pain and disability. Hughes recommended that Grisham's right-arm cast be shortened and that a cast be placed on his left arm for three to four weeks due to a non-displaced radial styloid fracture. These recommendations were followed by prison authorities. Subsequent to Hughes's examination, Gresham repeatedly complained of, and was treated for, back pain, culminating in surgery at an Oklahoma City hospital, which, in turn, was followed by several examinations, treatments for pain and inflamation, and rehabilitative treatments by prison medical staff and Dr. Hughes. On November 17, 1998, the consulting orthopedist recommended that Gresham be transferred to a medical facility with a formal back rehabilitation program.

On June 29, 1998, Gresham filed an action against defendants-appellees in United States District Court for the Western District of Oklahoma, seeking damages for violations of his rights under the Fifth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution. He also alleged medical malpractice under the FTCA and violations of other federal statutes, including the Americans with Disabilities Act ("ADA"). Adopting the recommendations of the magistrate judge, on September 30, 1999, the district court granted summary judgment to defendants-appellees on Gresham's constitutional and tort claims,

dismissed his statutory claims and his claim against Dr. Hughes for failure to state a claim for which relief can be granted, and dismissed without prejudice other claims brought subsequent to the filing of defendants-appellees' responsive pleadings. This appeal followed.

## II

"We review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court." Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs., 165 F.3d 1321, 1326 (10th Cir.) (citing Byers v. Albuquerque, 150 F.3d 1271, 1274 (10th Cir. 1998)), cert. denied, 120 S. Ct. 53 (1999). The district court properly granted summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law," Fed. R. Civ. P. 56(c), "view[ing] the evidence . . . in the light most favorable to the nonmoving party," Simms, 165 F.3d at 1326.

## A

Construing Gresham's pro se pleadings liberally, as required under Haines v. Kerner, 404 U.S. 519, 520-21 (1972), we read his briefs as alleging a deliberate indifference claim under the Eighth Amendment to the Constitution of the United States. See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,

403 U.S. 388, 397 (1971) (holding that a plaintiff can recover money damages for injuries suffered as a result of a federal agent's violation of her Fourth Amendment rights); see also Carlson v. Greene, 446 U.S. 14, 20 (1980) (recognizing Bivens actions for alleged violation of Eighth Amendment rights).[1]

It is undisputed that convicted inmates are protected from "deliberate indifference" to their "serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish deliberate indifference, a prisoner must demonstrate more than mere negligence; a negligent failure to provide adequate medical care, even one constituting medical malpractice, does not rise to the level of a constitutional violation. See id. at 105-06. Even if Gresham were correct that appellees were negligent in some way or the treating physicians somehow committed malpractice (allegations for which we find no support in the record), the evidence in this case does not rise to the level of a showing of deliberate indifference to his serious medical needs, given appellees' ongoing, comprehensive, good-faith efforts to treat his pain and other ailments, as noted above.

As for Gresham's claim of unconstitutional delay in the treatment he received, a delay in prescribing medical treatment constitutes a violation of the

---

[1] Gresham alleges numerous constitutional violations as a result of defendants-appellees' failure to provide him with adequate medical care. These claims are properly addressed under an Eighth Amendment analysis.

Eighth Amendment only "'if there has been deliberate indifference which results in substantial harm.'" Olson v. Stotts , 9 F.3d 1475, 1477 (10th Cir. 1993) (quoting Mendoza v. Lynaugh , 989 F.2d 191, 195 (5th Cir. 1993)) . "Delays that courts have found to violate the Eighth Amendment have frequently involved life-threatening situations and instances in which it is apparent that delay would exacerbate the prisoner's medical problems." Hunt v. Uphoff, No. 98-8073, 1999 WL 1268340, at *3 (10th Cir. Dec. 30, 1999) (citing Hill v. Dekalb Reg'l Youth Detention Ctr., 40 F.3d 1176, 1187 & n.21 (11th Cir. 1994) (collecting cases)). Prison officials may be liable for delays resulting in lifelong handicaps or permanent losses. See id. Gresham's claim necessarily fails because he has not alleged "deliberate indifference which result[ed] in substantial harm" from the failure to immediately place his wrists in casts and to shorten the cast on his right wrist. Olson, 9 F.3d at 1477. At most, Gresham has alleged that a period of approximately twenty-four hours went by before his right wrist fracture was set, during which time he had been given ice-packs and analgesics, and that another orthopedist subsequently recommended a modified course of treatment for his right and left wrists. He alleges neither "a lifelong handicap [n]or a permanent loss," nor significant harm of any sort from the delay. Hunt, 1999 WL 1268340, at *3. In addition, he brings no sufficiently particularized allegations of constitutional violation against individual defendants such that they might be held

personally liable.  See Garrett v. Hawk, 127 F.3d 1263, 1266 (10th Cir. 1997) ("Bivens defendants can face personal liability.") (citing Carlson v. Green, 446 U.S. 14, 21-23 (1980)).   On the contrary, the record before us indicates that Gresham consistently was accorded comprehensive and continuing treatment for more than a year after his accident.  The district court properly granted summary judgment to defendants on Gresham's Bivens claim.

**B**

In addition to his constitutional claim, Gresham also brings a claim against defendants under the FTCA for common law negligence, as to which the district court likewise granted summary judgment to defendants.  The FTCA provides in relevant part that the United States can be sued for personal injury resulting from the "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b)(1).

We emphasized in Garrett, 127 F.3d at 1266 (citing 28 U.S.C. § 2675(a)), that "to bring a claim under FTCA, an inmate must exhaust separate administrative procedures before bringing the claim in federal court."  Assuming arguendo that Gresham has exhausted available administrative procedures, we

apply Oklahoma law to determine whether he states a genuine issue of material fact. Under Oklahoma law, the elements necessary to establish a prima facie case of negligence are: "(1) a duty owed by the defendant to protect the plaintiff from injury, (2) a failure to properly exercise or perform that duty and (3) the plaintiff's injuries are proximately caused by the defendant's failure to exercise his duty of care." McKellips v. Saint Francis Hosp., Inc., 741 P.2d 467, 470 (Okla. 1987) (citations omitted). The evidence in this case indicates a level of concern for, and prompt response to, Gresham's needs that does not raise the faintest hint of medical malpractice. Gresham therefore fails to demonstrate that defendants-appellees failed to "properly exercise or perform" their duties towards him and fails to state a prima facie case of medical malpractice under Oklahoma law and the FTCA. Id.

To the extent Gresham attempts to state a claim for negligence based on the configuration of the handrails in the federal prison, Gresham likewise fails to demonstrate a genuine issue of material fact as to breach of duty. Defendants presented evidence that the handrails exceeded the minimum parameters suggested by the National Fire Protection Association's Life Safety Code Handbook (1994 ed.). Because Gresham failed to adequately challenge this evidence, the district court properly granted summary judgment as to his FTCA claim.

## III

The district court dismissed for failure to state a claim for which relief could be granted Gresham's claims under the ADA, 40 U.S.C. § 619, and 18 U.S.C. § 4042, and his claims against Hughes. We review de novo the court's dismissal. See Sutton v. Utah State Sch. for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999). "A 12(b)(6) motion should not be granted 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Our review of Gresham's claims and the underlying record indicates that Gresham has indeed failed to state any cognizable violation of the cited statutes. As for his action against Hughes, we agree with the district court that that claim, too, is utterly without merit: Our reading of the record indicates no action on Hughes's part that might even remotely be construed as negligent.[2]

With regard to the court's denial of Gresham's motion to amend his complaint, the district court found that he had not sought leave of the court to

---

[2] In his brief on appeal, Gresham alleges that Hughes performed the back operation without his consent. Because he failed to raise this claim below, we will not consider it on appeal. See Walker v. Mather, 959 F.2d 894, 896 (10th Cir. 1992).

amend his complaint pursuant to Fed. R. Civ. P. 15(a) and that in any case the additional claims he sought to bring were frivolous. Nevertheless, the court dismissed the claims without prejudice, permitting Gresham to bring them again in a future action. "'[A] decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion [under Fed. R. Civ. P. 15(a)] and will not be disturbed absent an abuse of that discretion.'" Pallottino v. Rio Rancho, 31 F.3d 1023, 1027 (10th Cir. 1994) (quoting Woolsey v. Marion Labs., Inc., 934 F.2d 1452, 1462 (10th Cir. 1991)). In our view, the court's decision was proper.

**IV**

If the district court dismissed under 28 U.S.C. § 1915(e)(2)(B), that dismissal counts as a strike for purposes of the Prison Litigation Reform Act ("PLRA") of 1995, 28 U.S.C. § 1915(g). See Jennings v. Natrona County Detention Ctr. Med. Facility, 175 F.3d 775, 780 (10th Cir. 1999). The district court correctly determined that Gresham's complaint against Dr. Hughes and his claims under the ADA, 40 U.S.C. § 619, and 18 U.S.C. § 4042, did not state claims for which relief could be granted, and its dismissal therefore falls under 28 U.S.C. § 1915(e)(2)(B)(ii) ("the action . . . fails to state a claim for which relief may be granted"). Gresham thus incurs strike one for purposes of 28 U.S.C. § 1915(g). He is advised that if he incurs two more strikes by filing further

frivolous suits (or appeals), under the PLRA he will no longer be entitled to proceed in forma pauperis in a civil action in federal court—other than petitions for writ of habeas corpus—not involving "'imminent danger of serious physical injury.'" White v. Colorado, 157 F.3d 1226, 1232 (10th Cir. 1998) (quoting 28 U.S.C. § 1915(g)), cert. denied, 119 S. Ct. 1150 (1999).

We remind Gresham of his continuing obligation to pay all installments of the deferred district court and appellate filing fees until they are paid in full.  No exception is made for dismissed appeals.  See 28 U.S.C. § 1915(b)(2); Jennings, 175 F.3d at 781.

The judgment of the district court is AFFIRMED.  The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge