**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 28 1997**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JONATHAN T. GARRETT,

      Plaintiff-Appellant,

v.

KATHLEEN M. HAWK, Director,
Federal Bureau of Prisons, an agency
of the United States of America, and
30 or more unknown officials and/or
correctional officers in the
Administrative Maximum Security
Unit at the United States Penitentiary,
Florence, Colorado,

      Defendants-Appellees.

No. 96-1429

---

**Appeal from the United States District Court**
**for the District of Colorado**
**(D.C. No. 96-S-1379)**

---

**Submitted on the briefs:**[*]

Jonathan T. Garrett, pro se, for Plaintiff-Appellant.

Charlotte J. Mapes, Assistant United States Attorney, Denver, Colorado (Henry L. Solano, United States Attorney, with her on the Brief), for Defendants-Appellees.

---

    [*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument.

Before **BRORBY, EBEL** and **KELLY**, Circuit Judges.

**EBEL**, Circuit Judge.

Plaintiff-Appellant Jonathan T. Garrett ("Garrett") appeals the district court's dismissal of his civil rights complaint brought pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) and 28 U.S.C. § 1331. We exercise jurisdiction under 28 U.S.C. § 1291 and reverse.

## BACKGROUND

While he was imprisoned in the United States Penitentiary, Florence, Colorado, Garrett filed a pro se complaint in the United States District Court for the District of Colorado against Kathleen M. Hawk, the Director of the Federal Bureau of Prisons, and 30 or more unknown correctional officers employed by the prison. Garrett alleged a Bivens action, seeking money damages from the defendants for alleged violations of his constitutional rights under the Eighth Amendment. Garret charged that the defendants exhibited deliberate indifference to his medical needs that arose from a head injury sustained during a recreation yard fistfight, see Estelle v. Gamble, 429 U.S. 97, 105-06 (1976), and that the unnamed defendants used excessive force in responding to the melee, see Hudson

- 2 -

v. McMillian, 503 U.S. 1, 7 (1992).  He also alleged that he suffered a total shoulder separation as a result and was denied treatment for two months.  The District Court dismissed Garrett's complaint on the ground that he had failed to exhaust prison administrative remedies as required by 42 U.S.C.A. § 1997e(a) (West Supp. 1997).  Garrett now appeals.

## DISCUSSION

We review the district court's interpretation of a statute de novo.  Pigg v. FBI, 106 F.3d 1497, 1498 (10th Cir. 1997).  Until the enactment of the Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, § 803, 110 Stat. 1321 (Apr. 26, 1996), only lawsuits brought by state prisoners pursuant to 42 U.S.C. § 1983 (1994) in states with certified administrative remedies were governed by the exhaustion requirements of the former 42 U.S.C. § 1997e(a)(1) (1994) (amended 1996).  See McCarthy v. Madigan, 503 U.S. 140, 150 (1992) (citing Patsy v. Florida Bd. of Regents, 457 U.S. 496, 507-12 (1982)).[1]

---

[1]  The pre-PLRA version of § 1997e(a) provides:

(1) Subject to the provisions of paragraph (2), in any action brought pursuant to section 1983 of this title by an adult convicted of a crime confined in any jail, prison, or other correctional facility, the court shall, if the court believes that such a requirement would be appropriate and in the interests of justice, continue such case for a period of not to exceed 180 days in order to require exhaustion of such plain, speedy, and effective administrative remedies as are available.
(2) The exhaustion of administrative remedies under paragraph (1) may not
(continued...)

Moreover, the pre-PLRA version of § 1997e only provided for a limited exhaustion requirement. As the Patsy Court explained:

> [Under § 1997e, a] court may require exhaustion of administrative remedies only if the "Attorney General has certified or the court has determined that such administrative remedies are in substantial compliance with the minimum acceptable standards promulgated under subsection (b)." § 1997e(a)(2). Before exhaustion may be required, the court must further conclude that it "would be appropriate and in the interests of justice." § 1997e(a)(1). Finally, in those § 1983 actions meeting all the statutory requirements for exhaustion, the district court may not dismiss the case, but may only "continue such case for a period of not to exceed [180] days in order to require exhaustion." Ibid.

457 U.S. at 510-11 (internal footnote omitted). For these reasons, the McCarthy Court determined that Congress had not expressed in the former § 1997e an intent to require federal prisoners to exhaust administrative remedies before seeking Bivens relief in federal court. 503 U.S. at 150-51. However, Congress now has expressed such an intent through its recent amendments to 42 U.S.C. § 1997e.

By enacting PLRA in 1996, Congress amended § 1997e(a) to provide that "[n]o action shall be brought with respect to prison conditions under section 1983

---

[1](...continued)
be required unless the Attorney General has certified or the court has determined that such administrative remedies are in substantial compliance with the minimum acceptable standards promulgated under subsection (b) of this section or are otherwise fair and effective.

42 U.S.C. § 1997e(a)(1) (1994) (amended 1996).

of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C.A. § 1997e(a) (West Supp. 1997).  This amended version of § 1997e provides for several changes that affect the McCarthy decision.

First, Congress made clear in its addition of the clause "or any other Federal law" that § 1997e no longer applies only to state prisoners seeking relief under 42 U.S.C. § 1983.  Because § 1997e pertains to "any action brought . . . under . . . any [] Federal law, by a prisoner confined in any jail, prison or other correctional facility," the exhaustion requirements now apply to Bivens suits brought by federal prisoners against federal officials as well.  42 U.S.C.A. § 1997e(a) (West Supp. 1997) (emphasis added)

Second, Congress amended § 1997e to make the "exhaustion provisions mandatory rather than directory."  Historical and Statutory Notes,  42 U.S.C.A. § 1997e (West Supp. 1997).  Under the pre-PLRA version of § 1997e, courts were directed to stay actions not administratively exhausted "if the court believe[d] that such a requirement would be appropriate and in the interests of justice."  42 U.S.C. § 1997e(a)(1) (1994) (amended in 1996).  Under the current version, by contrast, courts are directed that "[n]o action shall be brought . . . until such administrative remedies as are available are exhausted."  42 U.S.C.A. § 1997e(a) (West Supp. 1997).

In determining that no exhaustion was required for a federal prisoner's

Bivens claim in a pre-PLRA case, the McCarthy Court recognized that "[o]f

paramount importance to any exhaustion inquiry is congressional intent" so that

"[w]here Congress specifically mandates, exhaustion is required."  503 U.S. at

144 (citing Coit Independence Joint Venture v. FSLIC, 489 U.S. 561, 579

(1989)).  The legislative history behind the revised version § 1977(e) reveals that

Congress specifically amended the statute to overrule McCarthy by requiring

federal prisoners to exhaust all administrative remedies before bringing a Bivens

claim or a claim under 42 U.S.C. § 1983.  See 141 Cong. Rec. H14078-02,

*H14105 (Remarks of Mr. Lobiondo) ("The new administrative exhaustion

language in [PLRA] will require that all cases brought by Federal inmates

contesting any aspect of their incarceration be submitted to administrative remedy

process before proceeding to court," including Bivens actions.).[2]  Because

---

    [2]  PLRA was not passed as a committee bill, but rather was attached as a rider to the Departments of Commerce, Justice, and State, the Judiciary, and Related Agencies Appropriations Act of 1996.  As a result, floor debate is more indicative of legislative intent than it otherwise would be, especially where the floor statements in favor of the bill remain uncontested as was the case with Congressman Lobiondo's remarks.  See generally Benjamin v. Jacobson, 935 F. Supp. 332, 340 (S.D.N.Y. 1996) (indicating the scant legislative history available for PLRA), aff'd in part, rev'd in part, ___ F.3d ___, 1997 WL 523896 (2nd Cir. Aug. 26, 1997). During his remarks on the floor, Congressman Lobiondo specifically mentioned overruling McCarthy by imposing strict exhaustion requirements on federal prisoners seeking relief under Bivens through the enactment of PLRA.  See 141 Cong. Rec. at *H14105

Congress has clearly required exhaustion through its amendments to 42 U.S.C. § 1997e, we need not address the individual and institutional interests that should be considered when Congress has not spoken. See Patsy, 457 U.S. at 518 (White, J., concurring in part) ("[E]xhaustion is 'a rule of judicial administration,' and unless Congress directs otherwise, rightfully subject to crafting by judges") (emphasis added) (quoting Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 50 (1938)).

Garrett next argues that PLRA should not apply to his action because the facts giving rise to his Eighth Amendment claim occurred on June 14, 1995, which was before the April 26, 1996 enactment date of PLRA. This argument is misplaced. PLRA's amendments to § 1997e "expressly govern[] the bringing of new actions." Wright v. Morris, 111 F.3d 414, 418 (6th Cir.), cert. denied, ___ S. Ct. ___, 1997 WL 275340 (Oct 6., 1997). Garrett filed his complaint in the District Court on June 12, 1996, and thus PLRA applies to his claim.

The question remains, of course, whether Garrett had any administrative remedies available to him which he could have exhausted before proceeding with the present action. We conclude that he did not and that the district court erred by dismissing his claims.

An inmate "may seek formal review of an issue which relates to any aspect of [his] imprisonment" under 28 C.F.R. § 542.10 (1997). The procedure requires

that the inmate first address his complaint to the institution staff.  See 28 C.F.R. §

542.14(c)(4) (1997), Form BP-9.  If dissatisfied with the response at that level,

the inmate may appeal his complaint to the Regional Director of the Bureau of

Prisons.  See 28 C.F.R. § 542.15(a) (1997), Form BP-10.  Finally, the inmate may

appeal his case to the General Counsel in the Central Office of the Bureau of

Prisons, which is the "final administrative appeal."  See 28 C.F.R. § 542.15(a)

(1997), Form BP-11.

However, Garrett sought monetary relief for violations of his constitutional

rights pursuant to Bivens.  The government concedes that if an inmate seeks

purely monetary damages under the procedures provided for in 28 C.F.R. §

542.10, the institution staff will reject the claim as constituting improper subject

matter for administrative review, and the staff will notify the inmate of the

availability of a remedy under the Federal Tort Claims Act ("FTCA"), 28 U.S.C.

§§ 2401-02, 2411-12, 2671-80 (1994).  See 28 C.F.R. § 542.12(b) (1997); see also

BOP Program Statement 1330.13, ¶ 6(b)(2) (refusing to consider claims for

monetary relief).  The government argues that because Garrett could have brought

a FTCA claim, he should be required to exhaust the administrative remedies that

are a statutory prerequisite to recovering damages under FTCA.  We disagree.

FTCA authorizes suits against the United States in a number of limited

circumstances.  28 U.S.C. § 2671 (1994).  The federal regulations do allow the

Director of the Federal Bureau of Prisons to settle prisoner claims under FTCA, including the award of monetary compensation. 28 C.F.R. §§ 0.95-0.97 (1997). In order to bring a claim under FTCA, an inmate must exhaust separate administrative procedures before bringing the claim in federal court. 28 U.S.C. § 2675(a) (1994); 28 C.F.R. §§ 14.1-14.11, 543.30-543.32 (1997) (establishing procedures for administrative review of an inmate's FTCA claims).

However, while FTCA allows claims against the government, a prisoner may not assert personal liability against a prison official for violations of the prisoner's constitutional rights under FTCA. Carlson v. Green, 446 U.S. 14, 21-23 (1980). In contrast, Bivens defendants can face personal liability. Id. Here, Garrett is not seeking damages against the government, but rather is seeking damages against individual prison officials that he claims acted unconstitutionally. Thus, his action is a Bivens action, not a FTCA action, and FTCA administrative procedures are not available or applicable to him. The Supreme Court in Carlson, 446 U.S. at 18-21, held that an inmate could pursue a Bivens action independent of a FTCA action. As a result, the Court in Carlson held that Congress did not intend to pre-empt a Bivens remedy when it enacted FTCA. Id. The Court noted that the legislative history of the FTCA "made it crystal clear that Congress views FTCA and Bivens as parallel, complementary causes of action." Id. at 19-20 (citing S. Rep. No. 93-588, p.3 (1973)).

The government contends that by forcing prisoners to exhaust all "available remedies," PLRA compels a prisoner to pursue FTCA administrative remedies even though the inmate is not proceeding under FTCA, is not required to proceed under FTCA, and is seeking Bivens relief against individual employees in their personal capacity that is not even cognizable under the FTCA. We find such a conclusion untenable. Congress clearly intended to require prisoners to exhaust only "such administrative remedies as are available" before bringing a Bivens suit in federal court. See 42 U.S.C.A. § 1997e(a) (West Supp. 1997). However, a prisoner can only exhaust administrative remedies that are actually available. Congress could have set up administrative remedies as a prerequisite to a Bivens claim for monetary damages, but to date it has not done so. As a result, while Congress overruled that portion of McCarthy holding that a prisoner need not exhaust administrative remedies before bringing a Bivens action for monetary damages, Congress has to date failed to provide any administrative remedies that must or even could be exhausted before a Bivens suit may be brought by prisoners against prison officials.[3] While Congress easily can amend this oversight, until an administrative remedy is provided for Bivens claims for monetary damages, we

_____

[3] Garrett suggests that applying PLRA to his case violates the ex post facto clause of the Constitution. However, we need not consider the issue on appeal because we find that Garrett had no administrative remedies to exhaust as required by PLRA.

must conclude that no exhaustion of administrative remedies is required under

PLRA in this case because no such remedies exist to be exhausted.[4]

Therefore, we REVERSE the District Court's dismissal of Garrett's claim

and REMAND for further proceedings not inconsistent with this opinion.

---

[4] On remand, the district court might wish to consider whether Garrett has alleged a sufficient factual basis to support his claims. We do not address these concerns because they have not yet been addressed by the district court.