**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 10 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RICKEY LAVERN SHEPPARD,

Plaintiff-Appellant,

v.

LARRY DEAN LONG; BESSIE
KIRKPATRICK; C/O I CRENSHAW;
C/O II HOOD; C/O II MOODY;
JERRY STOCKLON, Counselor,
H Unit; JIMMY SHIPLEY, Senior
Case Manager H Unit; JOE ARDESE;
SHIRLEY LEEPER; RON WARD;
DOLORES RAMSEY; LARRY
FIELDS; KATHY WATERS;
- MCFARLIN, Counselor F Cellhouse;
EDDIE MORGAN,

Defendants-Appellees.

No. 97-6183
(D.C. No. CIV-96-1296-T)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

---

[*]      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-appellant Rickey Lavern Sheppard, an inmate in the custody of the Oklahoma Department of Corrections, brought claims under 42 U.S.C. § 1983 alleging that actions of prison officials violated his due process rights and the Eighth Amendment's prohibition on cruel and unusual punishment.[1]  The district court granted summary judgment to defendants, concluding they were entitled to qualified immunity because plaintiff had failed to show their conduct violated an established constitutional or statutory right.  "We review de novo the district court's grant of qualified immunity on summary judgment, viewing the evidence in the light most favorable to the nonmoving party."  Davis v. Gracey, 111 F.3d 1472, 1478 (10th Cir. 1997).

After he had filed his appellate brief, plaintiff wrote a letter to the Clerk of this circuit dated November 3, 1997, stating that "[s]ince the last part of August, approx., I have been placed in the cells with four(4) different known homosexuals and three of them has aids . . . .  They are actually using these inmates as aids assissins [sic] by allowing them to house with other inmates and not telling them they have aids."  Because we rarely consider issues on appeal that have not been previously raised to the district court, see Sac & Fox Nation v. Hanson, 47 F.3d

---

[1]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

1061, 1063 (10th Cir. 1995) (noting that such consideration will be forthcoming only in cases of the most manifest error), and because even pro se litigants are required to follow federal procedural rules, see Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994), we will not consider the allegations in plaintiff's letter at this time. If plaintiff wishes to pursue this claim, he must first exhaust prison administrative remedies. See 42 U.S.C. § 1997e(a); cf. Garrett v. Hawk, 127 F.3d 1263, 1265 (10th Cir. 1997) (holding that after PLRA, exhaustion requirement no longer applies only to state prisoners). After such exhaustion, he may then be able to bring the claim in federal court pursuant to 42 U.S.C. § 1983.

Our review of the record presented below, the parties' briefs, and the opinions of the magistrate judge and the district court fails to reveal error in the grant of summary judgment. We, therefore, affirm the entry of judgment for defendants for substantially the reasons stated by the district court.

The judgment is AFFIRMED.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge

-3-