**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 6 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DAVID ZIVKOVIC,

      Plaintiff - Appellant,

vs.

GLENN PERRYMAN; BRYANT
GREEN; ANTHONY JOHNSON;
SGT. KOLTERYAHN; VINCE JACK;
ART HANSEN; SPENCER
ROBINSON; DAVID THOMPSON;
A. J. CARLSON; MIKE MANSELL;
BILLIE CASPER; SCOTT CARVER;
ALAN WALKER; M. R. SIBBETT; H.
L. HAUN; CURTIS GARNER;
CHERYL HANSEN; JIM SMITH;
FRED HURST; CHUCK HOBBS;
WILL CARLSON,

      Defendants - Appellees.

No. 97-4198
(D.C. No. 97-CV-393)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **PORFILIO**, **KELLY**, and **HENRY**, Circuit Judges.[**]

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Plaintiff-Appellant David Zivkovic appeals from the dismissal without prejudice of his civil rights lawsuit against prison officials for failure to exhaust administrative remedies. Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

Mr. Zivkovic, an inmate in the Utah state prisons, sued prison officials under 42 U.S.C. §§ 1983 and 1985, alleging violations of due process and equal protection arising from disciplinary proceedings and other prison conditions. The district court held Mr. Zivkovic had failed to exhaust administrative remedies under 42 U.S.C. § 1997e(a) by failing to submit a court-ordered certification of exhaustion of administrative remedies signed by the prison grievance coordinator.

Section 1997e(a) states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.A. § 1997e(a) (West Supp. 1998). This exhaustion requirement is a mandatory prerequisite to Mr. Zivkovic's § 1983 and § 1985 claims, and when not fulfilled the court is required to dismiss the action. See Garrett v. Hawk, 127 F.3d 1263, 1264–65 (10th Cir. 1997); Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1998), petition for cert. filed, (Apr. 28, 1998) (No. 97-8990). Mr. Zivkovic raises several unpersuasive arguments against exhaustion, some apparently based on the limited exhaustion

requirement of § 1997e(a)–(b) before the statute was amended by the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134 § 803, 110 Stat. 1321 (Apr. 26, 1996).  The post-PLRA act applies to Mr. Zivkovic's claim, see Garrett, 127 F.3d at 1266, and requires its dismissal.

AFFIRMED.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge