# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 97-4267

_____

Dennis Campbell,                                    *
                                                     *
            Appellant,                               *
                                                     *   Appeal from the United States
        v.                                           *   District Court for the
                                                     *   Western District of Missouri
Gary Campbell, Regional Director,                   *
                                                     *       [UNPUBLISHED]
            Appellee.                                *

_____

Submitted:   September 1, 1998

Filed:   September 18, 1998

_____

Before McMILLIAN, RICHARD S. ARNOLD, and MORRIS SHEPPARD ARNOLD,
      Circuit Judges.

_____

PER CURIAM.

Dennis Campbell appeals from the final judgment entered in the District Court[1]
for the Western District of Missouri dismissing his 42 U.S.C. § 1983 action for failure
to exhaust administrative remedies, as required under 42 U.S.C. § 1997e(a), enacted by
the Prison Litigation Reform Act (PLRA).  For reversal, Campbell argues that he did

_____

[1]The Honorable Scott O. Wright, United States District Judge for the Western
District of Missouri, adopting the report and recommendation of the Honorable William
A. Knox, United States Magistrate Judge for the Western District of Missouri.

not receive notice of the magistrate's recommendation and that this court should conclude he exhausted his administrative remedies because he had exhausted administrative remedies in a prior case. For the reasons discussed below, we modify the dismissal to be without prejudice and affirm the judgment as modified.

Campbell, an inmate at the Central Missouri Correctional Center, filed a complaint alleging that defendants were deliberately indifferent to his serious medical needs by not performing corrective eye surgery. The magistrate judge recommended dismissal because Campbell had failed to exhaust administrative remedies. The district court, adopting the magistrate judge's report, dismissed the case, but did not specify whether the dismissal was with or without prejudice.

As amended by the PLRA, effective April 26, 1996, 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Because Campbell failed to exhaust his administrative remedies, the district court correctly dismissed his case. See Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1998) (per curiam), petition for cert. filed, No. 97-8990 (U.S. Apr. 28, 1998); Garrett v. Hawk, 127 F.3d 1263, 1264-66 (10th Cir. 1997). We conclude there is no need to remand based on Campbell's alleged failure to receive a copy of the magistrate's recommendation, because the outcome would not have been changed by his objection that he exhausted his administrative remedies in a prior case involving different defendants at a different prison facility. We believe, however, that under the circumstances of this case the dismissal should be without prejudice.

Accordingly, we modify the judgment to be without prejudice and affirm the judgment as modified.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.