F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**DEC 16 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DALE ERNEST DENOYER,

Plaintiff-Appellant,

v.

RON WALKER, Chaplains
Department, United States
Penitentiary, Florence, Colorado,

Defendant-Appellee.

No. 98-1211
(District of Colorado)
(D.C. No. 96-S-2177)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **McKAY,** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Dale Ernest Denoyer, proceeding *pro se*, appeals the district court's dismissal of Denoyer's civil right's complaint against Ron Walker, a chaplain at the United States Penitentiary in Florence, Colorado. This court exercises jurisdiction pursuant to 28 U.S.C. § 1291 and **affirms**.

Denoyer filed this civil right complaint in 1996, naming Walker and several other defendants.[1] Denoyer requested money damages and injunctive relief, asserting Walker had interfered with Denoyer's right to practice his Native American religion. The matter was referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) for preparation of a Report and Recommendation (the "R & R"). In the R & R, the magistrate judge recommended as follows: (1) Denoyer's claims against Walker in his official capacity for money damages were barred under the Federal Tort Claims Act because Denoyer had failed to adequately exhaust his administrative remedies, *see* 28 U.S.C. § 2675; (2) Denoyer's claims against Walker in his individual capacity were barred under the Prison Litigation Reform Act because Denoyer failed to adequately exhaust his

---

[1]The district court dismissed Denoyer's claims as to one of the additional original defendants because Denoyer failed to provide necessary information to affect service of process on that defendant. As to all of the other additional original defendants, the district court dismissed Denoyer's claims as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) on the grounds that those defendants were not personally involved in the incidents giving rise to the lawsuit. Denoyer has not challenged on appeal the district court's dismissal of the additional original defendants.

administrative remedies, *see* 42 U.S.C. § 1997e(a); and (3) to the extent Denoyer was not obligated to exhaust his administrative remedies on his claim for money damages against Walker in his individual capacity under this court's decision in *Garrett v. Hawk*, 127 F.3d 1263 (1997), Walker was entitled to qualified immunity. After *de novo* review, the district court adopted the R & R and dismissed the appeal.

Upon *de novo* review of the parties' briefs and contentions, the magistrate judge's R & R, the district court's order, and the entire record on appeal, this court **AFFIRMS** for substantially those reasons set forth in the magistrate judge's thorough R & R dated January 8, 1998, and the district court Order dated May 20, 1998.

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge