166 F.3d 346
 98 CJ C.A.R. 6339
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Dale Ernest DENOYER, Plaintiff-Appellant,
v.
Ron WALKER, Chaplains Department, United States
Penitentiary, Florence, Colorado, Defendant-Appellee.
 No. 98-1211.
 United States Court of Appeals, Tenth Circuit.
 Dec. 16, 1998.
 
 Before TACHA, McKAY, and MURPHY, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 MURPHY.
 
 
 3
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 4
 Dale Ernest Denoyer, proceeding pro se, appeals the district court's dismissal of Denoyer's civil right's complaint against Ron Walker, a chaplain at the United States Penitentiary in Florence, Colorado. This court exercises jurisdiction pursuant to 28 U.S.C. § 1291 and affirms.
 
 
 5
 Denoyer filed this civil right complaint in 1996, naming Walker and several other defendants.[1] Denoyer requested money damages and injunctive relief, asserting Walker had interfered with Denoyer's right to practice his Native American religion. The matter was referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) for preparation of a Report and Recommendation (the "R & R"). In the R & R, the magistrate judge recommended as follows: (1) Denoyer's claims against Walker in his official capacity for money damages were barred under the Federal Tort Claims Act because Denoyer had failed to adequately exhaust his administrative remedies, see 28 U.S.C. § 2675; (2) Denoyer's claims against Walker in his individual capacity were barred under the Prison Litigation Reform Act because Denoyer failed to adequately exhaust his administrative remedies, see 42 U.S.C. § 1997e(a); and (3) to the extent Denoyer was not obligated to exhaust his administrative remedies on his claim for money damages against Walker in his individual capacity under this court's decision in Garrett v. Hawk, 127 F.3d 1263 (1997), Walker was entitled to qualified immunity. After de novo review, the district court adopted the R & R and dismissed the appeal. Upon de novo review of the parties' briefs and contentions, the magistrate judge's R & R, the district court's order, and the entire record on appeal, this court AFFIRMS for substantially those reasons set forth in the magistrate judge's thorough R & R dated January 8, 1998, and the district court Order dated May 20, 1998.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [1]
 The district court dismissed Denoyer's claims as to one of the additional original defendants because Denoyer failed to provide necessary information to affect service of process on that defendant. As to all of the other additional original defendants, the district court dismissed Denoyer's claims as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) on the grounds that those defendants were not personally involved in the incidents giving rise to the lawsuit. Denoyer has not challenged on appeal the district court's dismissal of the additional original defendants