**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 5 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ALLEN DWAYNE BATES,

      Plaintiff-Appellant,

v.

GREGORY DAY; AL HERRERA,

      Defendants-Appellees.

No. 01-1306
(D.C. No. 00-Z-1486)
(Colorado)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, **McKAY**, and **BRORBY**, Circuit Judges.

---

      Mr. Allen D. Bates, a *pro se* federal prisoner, filed a *Bivens* action seeking injunctive and monetary relief alleging that defendants deliberately denied him necessary medical treatment in violation of the Eighth Amendment. See *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

---

      [*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

The district court initially dismissed the entire claim on the grounds that Mr. Bates had not exhausted administrative remedies as required under the Prison Litigation Reform Act ("PLRA" or the "Act"). Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, Title VIII, 110 Stat. 1321 (1996). This court reversed and remanded as to the damages portion of the claim. *See Garrett v. Hawk*, 127 F.3d 1263, 1267 (10th Cir. 1997) (holding prisoners are not required to exhaust administrative remedies for damages claims where monetary relief is not available through administrative process).

On remand, the district court again dismissed the damages claim, on the grounds that an intervening decision of the Supreme Court, *Booth v. Churner*, 121 S.Ct. 1819 (2001) required administrative exhaustion of the damages claim. The district court also denied Mr. Bates' motion to proceed *in forma pauperis* on the grounds that Mr. Bates failed to file a financial statement in the required form.

Mr. Bates appeals the dismissal of his damages claim, and renews his motion to proceed without prepayment of fees on appeal. For the reasons stated below, we grant Mr. Bates' motion to proceed without prepayment of fees and affirm. We remind him of his continuing responsibility to pay the entire fee as assessed.

Mr. Bates' claim is governed by the Prison Litigation Reform Act, which covers claims brought "with respect to prison conditions under section 1983 of

this title, or any other federal law, by a prisoner confined in jail, prison, or other correctional facility." *See* 42 U.S.C. § 1997e(a)(2001). We agree with the district court that *Booth* requires the dismissal of Mr. Bates' claim pending his exhaustion of administrative remedies.

In *Booth*, the Supreme Court held that the Prison Litigation Reform Act requires prisoners who seek to challenge prison conditions under federal law to first exhaust administrative remedies for damages claims, even where damages are not available through the administrative process.[1] *Booth*, 121 S.Ct. at 1825. Mr. Bates concedes that he has not exhausted administrative remedies with respect to his damages claim. He nevertheless contends that *Booth* does not apply because it involved a section 1983 action against a state prison and his action is brought under *Bivens*. However, *Booth* merely interpreted the exhaustion requirement of the Act, and this interpretation applies to any claims brought under the Act. *See id*. at 1821. As the Act governs any claims brought under federal law, not just section 1983 claims, *Booth* applies to *Bivens* claims as well. *See* 42 U.S.C. 1997e(a). *See also Garrett,* 127 F.3d at 1265.

---

[1]In *Booth* the Court addressed the interpretation of section 1997e(a) of the PLRA, which provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Mr. Bates also contends that because *Booth* was decided after he filed suit, we should apply our pre-*Booth* interpretation of section 1997 under which Mr. Bates was not required to exhaust administrative remedies for his damages claims. *See Garrett,* 127 F.3d at 1267 (holding PLRA does not require administrative exhaustion of *Bivens* claims for monetary damages). Unlike legislative enactments, however, judicial interpretations are given full retroactive effect by the courts. As we have noted on previous occasions, the Supreme Court has held with respect to retroactivity,

> When this Court applies a rule of federal law to parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate our announcement of the rule.

*Talley v. Hesse*, 91 F.3d 1411, 1413 (10th Cir. 1996) (quoting *Harper v. Virginia Dep't. of Taxation*, 509 U.S. 86, 97 (1993)). Accordingly, because the Supreme Court has held that the PLRA requires prisoners challenging prison conditions to exhaust their administrative remedies as to damages claims and he has failed to do so, we must dismiss Mr. Bates' damages claim until this requirement is satisfied.

Finally, Mr. Bates applied for the appointment of appellate counsel. The appointment of appellate counsel is at the court's discretion. *See* 28 U.S.C. § 1915(e)(1). In view of our disposition of the merits of his claim, we deny the request.

The dismissal by the district court is hereby **AFFIRMED**.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge