**George Edwin FLORENCE, Plaintiff–Appellant,**

v.

**J.W. BOOKER, Jr., Warden, USP Leavenworth; Shari E. McKee, mail room Supervisor, USP Leavenworth, both individually and in their official capacity, Defendants–Appellees.**

**No. 01–3152.**

United States Court of Appeals, Tenth Circuit.

Dec. 14, 2001.

---

Before SEYMOUR and McKAY, Circuit Judges, and BRORBY, Senior Circuit Judge.

### ORDER AND JUDGMENT *

SEYMOUR, Circuit Judge.

George Edwin Florence, a pro se federal prisoner, brought this civil rights action under *Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), seeking injunctive relief and damages.[1] Mr. Florence asserts that his constitutional rights were violated when prison officials opened his legal mail outside his presence. He also asserts that the delay in his receipt of this mail denied him access to the courts. The district court granted summary judgment for defendants. Mr. Florence appeals and we affirm.

---

\* After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1. This is the second time this matter has been before this court. The district court originally dismissed the action for failure to exhaust administrative remedies. On appeal, we affirmed the dismissal of Mr. Florence's claim for injunctive relief, but reversed and remanded the monetary claim in accordance with *Garrett v. Hawk,* 127 F.3d 1263 (10th Cir. 1997), which held that a claim for monetary damages need not be exhausted because no remedy was available through the prison grievance system. After the district court entered judgment in the remanded case, the Supreme Court decided *Booth v. Churner,* 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001), which held that prisoners must exhaust administrative remedies before bringing a claim for money damages and thus effectively overruled *Garrett.* Defendants acknowledge the *Booth* decision but do not urge us to apply it in this appeal. We therefore do not address its applicability.

■ The district court granted defendants' motion for summary judgment, concluding that they were entitled to qualified immunity. We review the grant of summary judgment de novo, applying the same legal standards used by the district court. *See Byers v. City of Albuquerque,* 150 F.3d 1271, 1274 (10th Cir.1998). Summary judgment is appropriate if the record, viewed most favorably to the non-moving party, shows no genuine issue of material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). As the district court recognized, while a pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers, a pro se plaintiff must nonetheless set forth sufficient facts to support his claim. *See Hall v. Bellmon,* 935 F.2d 1106, 1110–12 (10th Cir.1991).

■ We analyze the issue of qualified immunity under a two-part framework. *See Tonkovich v. Kan. Bd. of Regents,* 159 F.3d 504, 516 (10th Cir.1998).

> First, we determine whether the plaintiff has sufficiently alleged that the defendant violated a statutory or constitutional right. If the answer is yes, then we determine whether the right was clearly established such that a reasonable person in the defendant's position would have known that his or her conduct violated that right.

*Id.* at 516 (citation omitted). The district court based its grant of summary judgment upon its conclusion that Mr. Florence had failed to support his allegation of a constitutional violation. We agree.

■ In *Smith v. Maschner,* 899 F.2d 940 (10th Cir.1990), we considered an inmate's claim that his constitutional rights were violated when prison officials opened and inspected his legal mail. *See id.* at 943–44. In that case, prison officials opened one piece of constitutionally protected legal mail by accident. We held

that "[s]uch an isolated incident, without any evidence of improper motive or resulting interference with [the inmate's] right . . . of access to the courts, does not give rise to a constitutional violation." *Id.* at 944. We are also concerned here with a single incident in which prison officials allegedly improperly opened legal mail. Mr. Florence must therefore show either an improper motivation by defendants or denial of access to the courts.

Our review of the record reveals that Mr. Florence has offered no evidence tending to show that the incident was the product of improper motive. We also discern no evidence that the challenged incident interfered with Mr. Florence's right of access to the courts. The mail at issue contained a brief by Mr. Florence's attorney filed in a criminal appeal in the Eleventh Circuit Court of Appeals in accordance with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). *Anders* holds that if counsel finds a case to be wholly frivolous after conscientious examination, he may so advise the court and request permission to withdraw. Counsel must also submit to both the court and his client a brief referring to anything in the record arguably supportive of the appeal. The client may then raise any point he chooses, and the court thereafter undertakes a complete examination of all proceedings and decides whether the appeal is in fact frivolous. *Id.* at 744–45. In a cover letter, Mr. Florence's attorney informed him of his right to raise additional arguments by putting them in writing and sending them to the court. *See* rec. doc. 46, ex. 1.

Mr. Florence alleged in district court that due to defendants' actions he received this legal correspondence too late to submit his legal arguments to the Eleventh Circuit. We need not decide whether this allegation, if true, would state a claim for denial of access to the courts, however,

because material in the record provided by Mr. Florence demonstrates his access to the courts was not impeded. Almost a year after his mail was allegedly improperly opened, he received correspondence from the Eleventh Circuit informing him that his counsel had filed an *Anders* brief, instructing him on the exercise of his right to respond, and indicating that Mr. Florence had in fact filed a response with that court. *See id.* doc. 57, exs. 4, 5. Accordingly Mr. Florence has failed to demonstrate that defendants denied him his right of access to the courts.[2]

The judgment of the district court is **AFFIRMED.**[3]

**2.** Mr. Florence also asserts on appeal that the district court erred when it held moot Mr. Florence's outstanding discovery motions upon granting summary judgment to defendants. We have reviewed the record on appeal in light of Mr. Florence's argument as to the relevance of his motions, and we find no ground for reversal.

**3.** The district court granted Mr. Florence's application to proceed without prepayment of the appellate filing fee, assessing costs and fees payable in partial payments. Mr. Florence is reminded that he is obligated to make partial payments until the entire fee has been paid.