**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 1 2005**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

MARC PIERRE HALL,

     Plaintiff-Appellant,

v.

CITY OF CHARLOTTE, NORTH
CAROLINA, a municipality;
CHARLOTTE POLICE, Charlotte,
North Carolina, Police Department;
SCOTT E. SHIPMAN, Detective, in
official and individual capacity;
JESSEE WALDON and Firm of
Partnerships, in official and
individual capacity; CHARLES L.
MORGAN, Attorney and Firm of
Partnerships, et al., in official and
individual capacities; JOHN
BOUTWELL, Attorney and Firm of
Partnerships, et al., in official and
individual capacities; JOHN
CACHERIS, Attorney and Firm of
Partnerships, et al., in official and
individual capacities; JAMES
GRONQUIST, Attorney and Firm of
Partnerships, et al., in official and
individual capacities,

     Defendants,

and

(FNU) TUCKER, Officer, Bureau of
Prisons, in his official and individual

No. 04-3142
(D.C. No. 02-CV-3214-GTV)
(D. Kan.)

capacities; (FNU) MOSS, Officer,
Bureau of Prisons, in his official and
individual capacities; (FNU)
HUGHES, Officer, Bureau of
Prisons, in his official and individual
capacities,

        Defendants-Appellees.

---

## ORDER AND JUDGMENT[*]

---

Before **BRISCOE**, **ANDERSON**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

This case originated in the District Court for the District of Columbia

where Appellant Marc Pierre Hall, a federal inmate, filed his complaint in 1998.

The case was subsequently transferred to the District of Colorado, and was

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

-2-

transferred again to the United States District Court for the District of Kansas. Along the way, various parties and claims were dismissed until the Kansas district court dismissed the remaining claims without prejudice on March 30, 2004.

At the time of the transfer to the Kansas district court, the only defendants remaining in the case were Tucker, Moss, and Hughes, three officers of the United States Penitentiary in Leavenworth, Kansas (subsequently and collectively "Appellees"). Hall sought monetary damages against the officers, claiming they had violated his rights under the Eighth Amendment by assaulting him or failing to intervene to protect him from harm. Appellees moved for summary judgment on the basis that Hall had not properly exhausted his administrative remedies as required by 42 U.S.C. § 1997e.[1] Appellees argued that the Supreme Court's

---

[1]     42 U.S.C. § 1997e reads, in pertinent part:

(a) Applicability of administrative remedies

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

. . . .

(c) Dismissal

(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under

(continued...)

opinion in *Booth v. Churner*, 532 U.S. 731 (2001), required exhaustion, and that

*Booth* overturned this court's ruling in *Garrett v. Hawk*, 127 F.3d 1263, 1267

(10th Cir. 1997), that exhaustion was not required.[2]

In his response, Hall acknowledged *Booth* and agreed that *Booth* required

inmates seeking only monetary damages to exhaust their administrative remedies,

but argued that the holding in *Garrett* had "led [him] to believe that he could in

good faith file for money damages in a civil action without exhaustion of

remedies" and that *Booth* should be applied only prospectively and not to

"pending civil actions filed in accord with the law that existed . . . some six years

prior [to *Booth*]" to avoid "a discrimination of due process of law and equal

protection of the laws and substantial prejudice." R. Doc. 83 at 2.

A month after filing his response, Hall filed a "Motion to Expand the

Record with New Evidence as to the Administrative Remedies" in which he

---

[1](...continued)
> section 1983 of this title, or any other Federal law, by a prisoner
> confined in any jail, prison, or other correctional facility if the court
> is satisfied that the action is frivolous, malicious, fails to state a
> claim upon which relief can be granted, or seeks monetary relief
> from a defendant who is immune from such relief.

[2] The plaintiff in *Garrett* had also sought only monetary relief against individual officers for alleged violations of his constitutional rights and this court held that, although 42 U.S.C. § 1997e(a) required the exhaustion of "such administrative remedies as are *available*," (emphasis added), since no administrative remedy would provide monetary relief, exhaustion was not required. *Garrett,* 127 F.3d at 1266-67.

sought to present documents "as evidence against the summary judgment Motion of [Appellees]." R. Doc. 85 at 1. He asserted that such evidence "clearly show[ed] that the remedy had been exhausted under another civil suit of 'Continuous Torts.'" *Id*. Attached to the motion, inter alia, were a number of administrative claims and appeals to Bureau of Prison officials of all levels, which had been denied or rejected, due to mostly procedural defects, failure to timely file administrative claims, and failure to attach proof of prior administrative complaints.[3]

The district court, relying on *Harper v. Virginia Department of Taxation*, 509 U.S. 86 (1993), held that it had to give full effect to the Supreme Court's decision in *Booth*. R. Doc. 95 at 3. The court also found "no merit to [Hall's] subsequent attempt to exhaust administrative remedies in December 2002," but granted his motion to expand the record to include the documents. *Id*. The court concluded that the documents "offer[ed] no legal support to [Hall's] showing of . . . exhaustion." *Id*. The district court granted Appellees' motion for summary judgment on the ground that Hall failed to exhaust his administrative remedies. *Id*. at 4.

---

[3] The appeals that were rejected due to procedural defects specifically allowed resubmission within fifteen days of the rejection, but there is no evidence the appeals were resubmitted.

On appeal, Hall reprises his district court argument that *Booth* should not have been applied to his case to dismiss his claim against Appellees.[4]

The district court was correct in its reliance on *Harper*: "'When [the Supreme] Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate [the] announcement of the rule.'" *Talley v. Hesse*, 91 F.3d 1411, 1413 (10th Cir. 1996) (quoting *Harper*, 509 U.S. at 97). Therefore, upon review of the parties' briefs and the record before us, we AFFIRM the district court's order and judgment granting Appellees' motion for summary judgment and dismissing all remaining claims in the complaint without

---

[4] The authority provided by Hall as support for his argument that *Booth* should not be applied is not on point in that the cited cases address the retroactive application of statutes, not the temporal scope of an interpretation of a statute by the Supreme Court.

Hall also makes three brief references apparently to his submission to the district court of his various administrative claims and appeals. Considering the exceedingly brief and nearly unintelligible treatment given to these references and the lack of any supporting authority, we do not read these references as an attempt to appeal the district court's factual finding that Hall failed to exhaust his administrative claims. If it was Hall's intention to so appeal, he failed to properly raise such a claim, even in light of the considerable latitude given to pro se appellants. *See Murrell v. Shalala*, 43 F.3d 1388, 1389-90 n.2 (10th Cir. 1994); *Phillips v. Calhoun*, 956 F.2d 949, 953-54 (10th Cir. 1992). Even a pro se appellant must clearly apprise the court that he believes a reversible error has been made and make an argument with authority supporting such a belief.

prejudice, for substantially the reasons stated in its May 30, 2004, order. We remind defendant that he remains obligated to make partial payments on his filing fee until the fee is paid. The mandate shall issue forthwith.

Entered for the Court


Stephen H. Anderson
Circuit Judge