**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ALVIN A. PAULINO,

      Plaintiff - Appellant,

vs.

(FNU) (LNU), one unknown deputy of
the United States Marshal Service, in
his individual capacity; WALTER
BRADLEY, in his individual capacity;
CORRECTIONS CORPORATION OF
AMERICA; UNITED STATES
MARSHAL SERVICE,

      Defendant - Appellee.

No. 06-3285
(D.C. No. 05-CV-3348-SAC)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.[**]

      Alvin A. Paulino, a federal inmate, appearing pro se, appeals the district

court's dismissal without prejudice of his claims brought against an unknown

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

deputy marshal of the United States Marshal Service with the first name Gary ("Deputy Marshal Gary"), United States Marshal Walter Bradley ("Marshal Bradley"), the United States Marshal Service ("USMS"), and Corrections Corporation of America ("CCA") pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985(3), and Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

Mr. Paulino, in his complaint,[1] makes numerous allegations relating to his temporary incarceration at CCA's Leavenworth, Kansas facility while he was awaiting transfer to a Federal Bureau of Prisons facility.[2] Mr. Paulino alleges that the events underlying his complaint occurred on or after November 10, 2003. Specifically, Mr. Paulino brought suit against Deputy Marshal Gary and Marshal Bradley, in their individual capacities, pursuant to Bivens and § 1983, alleging, inter alia, that they intentionally subjected him to cruel and unusual punishment in violation of the Eighth Amendment when they decided to place him on "suicide watch." He claims that because of this decision he was forced to spend four days and nights on a cold, damp floor and was not allowed to communicate with his family. Mr. Paulino further alleges that Deputy Marshal Gary and Marshal

_____

[1] Mr. Paulino filed his original complaint in this case on August 24, 2005. He also filed a an amended complaint on January 23, 2005, and an amended and supplemented complaint on June 21, 2005.

[2] Mr. Paulino is currently housed at a federal facility located in Forrest City, Arkansas. He is serving a 57 month sentence for possession of child pornography.

Bradley's decisions resulted in him being: (1) placed in solitary confinement for an extended period of time without cause or explanation; (2) denied meals numerous times; (3) denied required medical and psychological examinations; and (4) denied a hearing regarding his placement in solitary confinement and on suicide watch.  Moreover, according to Mr. Paulino, Deputy Marshal Gary made several intentionally false statements about Mr. Paulino that caused his cruel and unusual punishment.

Mr. Paulino also brought suit against USMS and CCA pursuant to 42 U.S.C. § 1985(3), alleging the two organizations conspired to deprive him of his constitutional rights.  Mr. Paulino asserts that USMS and CCA conspired to deprive him of "equal protection of the law, and . . . equal privileges and immunities under the law."  R. Doc. 9 at 12.

Mr. Paulino claims that the defendants' actions caused him to develop a stomach ulcer, to develop an aggravated heart condition, and to suffer mental and emotional distress.  Accordingly, he seeks compensatory damages, punitive damages, and injunctive and declaratory relief.

We review de novo a district court's dismissal of a complaint for failure to exhaust administrative remedies.  Patel v. Fleming, 415 F.3d 1105, 1108 (10th Cir.2005).  Failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a) will result in dismissal of the case.  Booth v. Churner, 532 U.S. 731, 741 (2001).  The statute provides that "[n]o action shall be brought with respect to

- 3 -

prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

"A litigant's failure to raise issues during an administrative appeal can constitute a failure to exhaust administrative remedies." Kikumura v. Hurley, 242 F.3d 950, 956 (10th Cir.2001). We recently explained that "a grievance satisfies § 1997e(a)'s exhaustion requirement so long as it provides prison officials with enough information to investigate and address the inmate's complaint internally." Kikumura v. Osagie, 461 F.3d 1269, 1285 (10th Cir. 2006). Moreover, we have held "that the presence of unexhausted claims in [a prisoner's] complaint require[s] the district court to dismiss his action in its entirety without prejudice." Ross v. County of Bernalillo, 365 F.3d 1181, 1189 (10th Cir. 2004).[3]

In his only grievance to prison officials, dated January 30, 2004, Mr. Paulino claimed a general deprivation of his constitutional rights on November

---

[3] This remains the case even where, as here, some of the unexhausted claims are brought against a private prison and/or its employees. See Beaudry v. Corr. Corp. of Am., 331 F.3d 1164, 1165, 1167 (10th Cir. 2003) (dismissing a § 1983 action against a private prison and several of its employees for failure to exhaust).

10, 2003, when "a deputy of the United States Marshal Service" deliberately violated his civil rights in retaliation for his crime and for "speaking the words I did to the U.S. District Court who sentenced me."  Mr. Paulino further alleged that the retaliation included "punitive placement" on suicide watch for approximately thirty days.  These allegations, as the district court noted, only implicate Deputy Marshal Gary and did not put prison officials on notice as to any of the other claims later brought against Marshal Bradley.

The district court pointed out the exhaustion problem, as well as many other deficiencies in the complaint and allowed Mr. Paulino leave to amend to demonstrate exhaustion of administrative remedies and cure the deficiencies.  For substantially the reasons set forth by the district court after it examined the amended complaint, we agree that the action must be dismissed for failure to exhaust.  R. Doc. 16 at 1-4.  Although we do not disagree with the balance of the district court's reasoning concerning whether the complaint states a claim, we do not address those issues given that the judgment in this case plainly states it is a dismissal without prejudice.  R. Doc. 17; see Semtek Intern. Inc. v. Lockheed Martin Corp., 531 U.S. 497, 505 (2001) ("[A]n 'adjudication upon the merits' is the opposite of a 'dismissal without prejudice.'").

We note that in an attempt to avoid the PLRA's exhaustion requirement, Mr. Paulino cites to Garrett v. Hawk, 127 F.3d 1263 (10th Cir. 1997), for the proposition that "prisoners who file Bivens claims for monetary damages against

prison officials are <u>not</u> required to exhaust administrative remedies under the PLRA . . . ." Aplt. Br. at 2. Mr. Paulino is correct regarding <u>Garrett</u>'s holding; however, <u>Booth</u> overruled <u>Garrett</u> over five years ago and we have since remarked that "[e]ven where the 'available' remedies would appear to be futile at providing the kind of remedy sought, the prisoner must exhaust the administrative remedies available." <u>Jernigan v. Stuchell</u>, 304 F.3d 1030, 1032 (10th Cir. 2002) (citing <u>Booth</u>, 532 U.S. at 740). As a result, Mr. Paulino was not excused from fully exhausting.

AFFIRMED. We remind Mr. Paulino of his continuing obligation to pay his filing fee in partial payments.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge